COMMONWEALTH *vs.* PATRICK J. DILLON.

Berkshire. October 5, 1931. — November 30, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Zoning.*

One, owning land in a city with rights in common with others in a private way maintained garages which encroached upon the way. Others entitled to use the way brought a suit in equity to enjoin the encroachment, in which a final decree was entered directing the removal of the garages from the way, but not specifying their removal a sufficient distance to comply also with the provisions of a zoning ordinance requiring a certain setback from the way. The decree was complied with, but the maintenance of the buildings in their new position violated the ordinance. The ordinance also provided in substance that no building or part thereof should be moved or materially altered except in conformity therewith; that if, at the time of the enactment of the ordinance, a building was being used for a nonconforming use, such use might be continued, but that no such building should thereafter be extended or enlarged except in conformance with the ordinance. Upon a complaint, heard on appeal in the Superior Court, charging violation of the ordinance, the defendant was found guilty. *Held,* that the removal of the garages to a distance which left them within the inhibited area was a violation of the ordinance, and that the conviction was proper.

COMPLAINT, received and sworn to in the District Court of Central Berkshire on September 10, 1930, charging the defendant with violation of a zoning ordinance of Pittsfield, as described in the opinion.

On appeal to the Superior Court, the defendant waived trial by jury, and the case was heard by *W. A. Burns,* J., upon an agreed statement of facts. Material facts and rulings by the judge are stated in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*G. F. Leary & G. D. Cummings,* for the defendant.

*T. F. Moriarty,* District Attorney, & *H. R. Goewey,* Assistant District Attorney, for the Commonwealth.

PIERCE, J. The defendant in this action was complained

of in the District Court, the complaint, in substance, being that on the twenty-eighth day of July, 1930, at Pittsfield in the county of Berkshire, he erected or placed "a wooden building at a less distance than ten feet from the front or street boundary line, in violation of Section 1 and Section 14 and amendments to Section 1, of the Building Zone Ordinance." Upon appeal from the decision of the District Court the complaint came before the Superior Court, where the defendant waived his right for trial by jury.

The case was submitted to the court upon a statement of agreed facts. At the close of the hearing in the Superior Court the defendant moved "that a verdict of not guilty be given in his favor," and made the following requests for rulings: "1. Upon all the evidence the defendant is not guilty of the crime charged. 2. If the defendant's building existed prior to [the] zoning ordinance going into effect, then if he was ordered to move said buildings by order of the Superior Court to a distance which may not have complied with the zoning ordinance, then he cannot be found guilty as charged. 3. Upon all the evidence the Commonwealth has not proved the defendant guilty as charged." The judge denied the motion and the requests for rulings, and the defendant duly excepted thereto. The judge found the defendant guilty, imposed a fine, and filed a certificate of reasonable doubt under G. L. c. 279, § 4.

The statement of agreed facts discloses that the defendant at the time the zoning ordinance went into effect was the owner of a single and of a double garage on Thomas Island, so called, in Pittsfield. Thomas Island was changed August 15, 1929, by an ordinance, number 30, series 1929, from residence B district to residence D district. This ordinance required that all buildings be set back a distance of ten feet from the nearest street line of said way. Section 4 (c) of said building ordinance reads as follows: "A street is any street, court, place, square, lane, or way set aside or used as a right of way for common street purposes." Prior to the complaint "it was claimed [these garages] projected over into a [private] way, which way, it is agreed, was entitled to be used for all the usual purposes of a way by the various

property owners on said Thomas Island." A bill in equity was brought praying for a decree ordering the defendant to remove his buildings from the way. After a hearing before a master a decree was agreed to by the parties and entered in due course in the Superior Court ordering the defendant, within thirty days after the entry of the decree (a) to "move the single garage back to a line westerly of the westerly street line of said way . . . ." (b) to "remove half of the other garage . . . and to move the remaining half to a position so that its base would not be less than one foot westerly from the westerly line of said way as set forth in said decree"; and also that the defendant remove and cut off a portion of a concrete wall. The defendant, within the time described in the consent decree, complied with all its terms. The single garage was moved back, the double garage was cut in half and the half remaining on the defendant's land was moved back the required distance, and the portion of the concrete wall was cut off. It is agreed "that the defendant did not move either of said garages back the distance of ten feet from the street line but that the double garage on lots 3 and 4 so called in said decree was moved to a line 1 foot westerly of said street line and the single garage on lot number 6 so called in said decree was moved but in such a way as to have a large part of said garage less than ten feet of [from] said street line."

It is plain the motion was denied rightly. Section 3 of said ordinance reads: "(a) Future Changes and Use. No building, structure or premises shall hereafter be used, and no building or structure or part thereof shall be constructed, erected, raised, reconstructed, extended, moved, enlarged or materially altered except in conformity with the regulations prescribed by this Ordinance. (b) . . . . If, at the time of enactment of this Ordinance, any lot, building or structure is being used in a manner or for a purpose which does not confirm [*sic*] to the provisions of this Ordinance, and which is not prohibited by some other ordinance, such manner of use or purpose may be continued . . . . No building or structure containing a non-conforming use shall, except as authorized by a certificate of occupancy, be hereafter ex-

tended or enlarged except in conformance with the provisions of this Ordinance." However sound the contention of the defendant may be that the quoted words of the ordinance do not refer to a diminution of a nonconforming use and hence impliedly permit such diminution, the argument falls because by the terms of the decree and by the acts performed the double garage was not only cut in half but the part remaining on lots 3 and 4, so called, was moved back so as to be not less than one foot westerly from the westerly line of said way. Beyond the decree that the removal should be not less than one foot westerly from the westerly line described in the decree, the defendant had liberty to move the garages or any part of them back to conform to the ordinance. The removal of these garages to a distance which left them within the inhibited area was a violation of the ordinance, whatever may have been the rights of the defendant to retain them in their unchanged location.

*Exceptions overruled.*