ASSUERO BIANCHI & others *vs.* COMMISSIONER OF PUBLIC BUILDINGS FOR THE CITY OF SOMERVILLE.

Middlesex.    December 7, 1931. — May 18, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Zoning. Municipal Corporations,* By-laws and ordinances, Building ordinance. *Somerville.*

A provision of a building ordinance of the city of Somerville, that "No tenement or apartment house of third-class construction shall exceed two and one-half stories in height in any part, nor shall it be occupied,

intended, arranged or designed to be occupied as an independent apartment above the second floor," was violated by the building of a foundation for a tenement house of third class construction, designed and constructed to be occupied by three families, one on a first floor, one on a second floor, and one on a third floor, in a district defined in a zoning ordinance as a business district and outside the fire district, and the moving thereto from a residential district of such a structure, notwithstanding a provision of a zoning ordinance to the effect that any building, structure or use existing at the time of the enactment of such zoning ordinance might be continued even though such building, structure or use did not conform with the provisions of the ordinance for the district in which it was located.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Middlesex on July 18, 1930.

The case was referred to an auditor. Material findings by the auditor are stated in the opinion. There was a hearing by *Crosby,* J., who ordered that the writ issue. The respondent alleged exceptions.

*D. J. Kelley,* City Solicitor, (*R. J. Muldoon,* Assistant City Solicitor, with him,) for the respondent.

*A. D. Healey,* for the petitioners.

PIERCE, J. This is a petition for mandamus filed July 18, 1930, against the commissioner of public buildings for the city of Somerville, seeking an order to compel him to revoke a permit issued to one Oscar Perry on June 20, 1930, for the construction of a foundation for a three-family wooden dwelling house to be moved from Putnam Street, Somerville, to the corner of Summer and Church streets, and also for the erection of a new piazza on the dwelling, when moved, in the rear from Church Street, said piazza to be six feet by ten feet, and twenty-five feet high.

The auditor to whom the case was referred and the single justice of this court at the hearing on the petition found, in substance, the following facts: Previous to June 20, 1930, that is, on June 12, 1930, said Perry applied to the board of aldermen for a permit to move a wooden building on Putnam Street to the lot at the corner of Church and Summer streets, and on the same day a permit was granted to him. On July 16, 1930, a contractor, acting for said Perry, started work on the Putnam Street house preparatory to moving it, and on the same day started tear-

ing down the old house on the corner of Church and Summer streets.

It was agreed by the parties before this court that the "three family dwelling house" which formed the subject matter of the litigation was of the type commonly known as a "three decker house," designed and constructed to be occupied by three families, one on the first floor, one on the second floor, and one on the third floor.

On July 26, 1930, the Putnam Street house was ready to be moved across the street to the corner lot. The work of demolition on the old house was completed on July 21, 1930, after the filing of this petition on July 18, 1930, but before the service on the defendant on July 22, 1930. On June 20, 1930, an application was filed for a permit to build a foundation for a three-family wooden dwelling house to be moved from Putnam Street, Somerville, to the corner of Summer and Church streets, and also for the erection of a new piazza on the dwelling when moved.

The respondent in his answer admits that, as commissioner of public buildings for the city of Somerville, he issued on June 20, 1930, to Oscar Perry, a "permit to erect or allocate on said lot, a three family wooden dwelling house, to be moved from 1 Putnam Street in said Somerville." Perry and his wife, for whom he was acting at all times with her knowledge and consent, knew before the present action was started that action would be taken by the petitioners to prevent the removal. Without objection by the respondent, Perry, through his contractor, after the permit was issued continued the erection of the foundation and removed the building from 1 Putnam Street onto the foundation at the corner of Church and Summer streets. The foundation onto which the three-family dwelling house was moved was practically new. The building is of a third class construction throughout, and the external side walls are not constructed of noncombustible material. The building was removed from a residential district into a business district and is now entirely outside the fire district.

In addition to the above facts the single justice and the auditor found that there was, and is now, a covered porch

attached to this building now facing Summer Street, and this covered porch constitutes a part of the building structure itself. They also found that a piazza attached to the building by reason of its form and use became a part of the structure of the three-family dwelling house.

In the city of Somerville a building zone ordinance was adopted in 1925, and a building ordinance in 1927. No question is raised as to their validity.

The petitioners contend that the removal of the three-family dwelling house to the lot at the corner of Church and Summer streets is a violation of the building ordinance, § 10, paragraph 4-D, which reads: "No tenement or apartment house of third-class construction shall exceed two and one-half stories in height in any part, nor shall it be occupied, intended, arranged or designed to be occupied as an independent apartment above the second floor."

The respondent contends that § 10, paragraph 4-D of the building ordinance did not apply to such removal and placing upon a new foundation, and that the three-family house was in existence prior to the passage of both ordinances, and that his position was justified "by virtue of paragraphs A and B, § 2, of the building zone ordinance, as follows: '(a) Zoning affects every structure and use. Except as hereinafter specified, no building, structure or premises shall hereafter be used and no building or part thereof or other structure shall be erected, moved, raised, reconstructed, extended, enlarged or altered except in conformity with the regulations herein specified for the district in which it is located. (b) Continuing existing uses. Any building, structure or use existing at the time of the enactment of this ordinance may be continued, even though such building, structure or use does not conform with the provisions of this ordinance for the district in which it is located. Such existing non-conforming use may be hereafter extended throughout any parts of a building which were manifestly arranged or designed for such use at the time of enactment of this ordinance. No building structure or premises containing a non-conforming use shall hereafter be extended unless such extension shall conform with

the provisions of this ordinance for the district in which it is located, except as hereinafter provided. No building, structure or premises where a non-conforming use is discontinued for more than one year, or is superseded by a use permitted in the district in which it is located shall again be devoted to any non-conforming use.'"

We think the building ordinance and the zoning ordinance, above quoted, inhibit the use of a tenement or apartment house of third class construction, which the building removed to Church and Summer streets was found to be, in any location covered by the ordinances, save in the same location that building in fact occupied when the ordinances were passed. This issue was decided against the contention of the defendant in *Commonwealth* v. *Dillon,* 277 Mass. 196. The permit for the erection or allocation of a three-family wooden dwelling house at the corner of Church and Summer streets being beyond the authority of the respondent as commissioner of public buildings for the city of Somerville, it is quite immaterial in what respect, if any, the ordinances of the city were infringed by additional violations merely incidental to the use of the building itself. Under the order, these violations and the principal violation inhibited by the building ordinance must be rectified, or caused to be eliminated, by the respondent.

*Exceptions overruled.*