JOSEPH L. LAMONTAGNE & others *vs.* EDWARD W. KENNEY & others.

Middlesex.     May 17, 1934. — November 26, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Zoning.   Woburn.*

A provision of the zoning ordinance of the city of Woburn, which permitted a nonconforming use of premises existing at the time of the adoption of the ordinance to be changed thereafter "to any use not more detrimental to the character of the district" in which the premises were situated, constituted a limitation of the prohibitions as to use contained in other parts of the ordinance; and said provision, although it granted an exemption from such prohibitions broader than the exemption required by G. L. (Ter. Ed.) c. 40, § 29, and by the revised § 26 of c. 40 enacted by St. 1933, c. 269, § 1, did not violate said § 29 or said revised § 26, and was valid.

Use of property in Woburn for a rendering establishment, which was not more detrimental to the character of the district than use of the property for a tannery had been at the time of the adoption of such ordinance, was determined to be proper by reason of the provision thereof above described.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on February 3, 1934, for a writ of

mandamus commanding the respondents to revoke a certain license granted by them in January, 1934.

The case was referred to an auditor and afterwards was heard by *Pierce,* J., who made the following rulings, among others, at the request of the petitioners:

"2. That the words in . . . [G. L. c. 40, § 29] 'an ordinance or by-law enacted under section twenty-five . . . shall apply to any change of use' etc. are mandatory and are not permissive.

"3. That § 6 (a) of the zoning ordinance of Woburn is broader than the provisions of G. L. c. 40 under which it was enacted, and said section is, therefore, invalid.

"4. That said section is inconsistent with the provisions of the zoning statute in that it authorizes a complete change of nonconforming uses and permits their perpetuation and that said section is, therefore, invalid.

"5. That said § 6 is inconsistent with the requirements of St. 1933, c. 269, § 26, which provides that a zoning ordinance 'shall apply to any change of use' and said section is, therefore, invalid."

The single justice denied a motion by the respondents for judgment on the auditor's report, allowed the petition, and reported the case for determination by the full court.

*G. Alpert,* (*T. F. Callahan* with him,) for the respondents.

*K. B. Williams,* (*H. W. Cole* with him,) for the petitioners.

RUGG, C.J.   This is a petition for a writ of mandamus to compel the revocation of a permit issued by the respondents, as mayor and members of the city council of Woburn, pursuant to G. L. (Ter. Ed.) c. 111, § 151, giving to one Goldsmith written consent and permission to operate a melting and rendering establishment in a building and on premises previously occupied as a tannery.   The ground for relief is alleged to be that the license was granted in violation of the zoning laws of Woburn and of the Commonwealth.   At the times here material there was in force in Woburn a zoning ordinance, the validity of which is not assailed.   G. L. (Ter. Ed.) c. 40, §§ 25–30A.   The location of the tannery was within an area thereby zoned for business.   The surround-

ing district was zoned for general residential purposes. Both tanneries and rendering establishments are prohibited in the district zoned for business. The premises were used as a tannery before and at the time of the adoption of the zoning ordinance. Consequently continued use as a tannery was permitted. G. L. (Ter. Ed.) c. 40, § 29. The respondents concede that unless a rendering plant was authorized by § 6 (a) of the zoning ordinance the petitioners are entitled to relief. Municipal officers by G. L. (Ter. Ed.) c. 40, § 27, are forbidden to grant "any permit or license for the use of a building, structure or premises which use would be in violation of any ordinance or by-law enacted under" G. L. (Ter. Ed.) c. 40, § 25.

The case was referred to an auditor. The issue of fact heard by him was whether a melting and rendering establishment such as that authorized by the permit constitutes a use more detrimental to the character of the district in which the buildings in question are situated than the use as a tannery existing at the time of the adoption of the zoning ordinance. The report of the auditor contains a full statement of subsidiary facts and concludes with this finding: "if properly conducted, a degreasing and rendering business such as is now contemplated will not constitute a use more detrimental to the character of the district in which the locus is situated than the use previously made thereof and . . . consequently the permit in question was properly issued under the authority of § 6 of the zoning ordinance of the city of Woburn entitled 'Non-conforming Buildings and Uses' which reads, in part, as follows: '(a) Any lawful use of a building or part thereof existing at the time of the adoption of this Ordinance may be continued although such use does not conform to the above provision hereof, and any existing building intended, designed or devoted to such use may be structurally altered and the use therein changed to any use not more detrimental to the character of the district in which it is situated, provided such building is not enlarged more than twenty per cent in volume and is not altered during its life to an extent exceeding fifty per cent of its assessed value.' " There is

nothing to show that the building is to be enlarged or altered beyond the specified percentages.

The single justice, who heard the case upon the auditor's report without further evidence and who found the facts to be as stated in that report, granted the petition for mandamus and reported the case for our determination. All questions as to parties, forms and procedure are waived. See *Bianchi* v. *Commissioner of Public Buildings of Somerville*, 279 Mass. 136. The findings of fact set forth in the report of the auditor and adopted by the single justice must be accepted as true. The concluding finding of fact already quoted is supported by the subsidiary findings. *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173, 176. The only question for decision is the validity of § 6 (a) of the zoning ordinance.

The main contention of the petitioners is that this ordinance, so far as it permits the change of the nonconforming use in existence at the time of the adoption of the zoning ordinance to some other nonconforming use, is beyond the scope of the enabling statute and therefore is void. The governing statute so far as material is the first sentence of G. L. (Ter. Ed.) c. 40, § 29; it is in these words: "An ordinance or by-law enacted under section twenty-five shall not apply to existing buildings or structures nor to the existing use of any building, structure or premises, but it shall apply to any alteration of a building or structure to provide for its use for a purpose, or in a manner, substantially different from the use to which it was put before alteration."

It is plain that § 6 (a) of the ordinance according to its words and standing alone permits a broader nonconforming use than is specifically preserved by § 29 of the statute. The statute relates to nonconforming buildings, structures or uses of buildings, structures or premises. It protects lawfully existing buildings, structures and uses against prohibition or destruction by a zoning ordinance or by-law. *Opinion of the Justices*, 234 Mass. 597, 606. It exempts such uses from the operation of a zoning ordinance or by-law. It limits that exemption, however, to the situa-

tion existing at the time of the adoption of an ordinance or by-law. By mandatory terms it definitely makes subject to the operation of such ordinance or by-law all alterations of constructions for a new or different use sought at any time subsequent to the adoption of such ordinance or by-law. This mandatory phrase is not confined to any particular aspect of the nonconforming ordinance or by-law. It does not prescribe the terms of such ordinance or by-law. The entire ordinance is not set forth in the record. It is simply stated that by the ordinance both tanneries and rendering establishments are prohibited in a business district. The statute does not impose any stated form of zoning upon the cities and towns; it does not prescribe the kinds of business which may be prohibited in any particular zone nor the terms and extent of such prohibition. The ordinance ought to be so interpreted as to render it consistent and harmonious so far as reasonably practicable. The provisions of § 6 (a) already quoted may be fairly treated as a proviso softening the full force of the prohibition of the kinds of business specified in the other division of the ordinance. It states a qualification, a limitation, a condition or an exception as to the scope of words previously employed. It restricts the sense of something which has preceded it. See *Attorney General* v. *Methuen,* 236 Mass. 564, 573. There is nothing impossible or essentially contradictory in providing that premises exempted from a prohibited use because devoted to that use at the time of the adoption of the ordinance may be converted to some other prohibited use not more detrimental to the neighborhood. It is not in itself an irrational provision. It is conceivable that special local circumstances might be thought to justify such a provision on grounds of permissible expediency. There may be an appearance of unfairness and inequality in allowing within the business district the alteration of premises previously devoted to some other nonconforming use so as to be used for a rendering establishment when a new building could not be erected for that use. It may be that no such nonconforming use exists within the business district and that thus a new use

previously prohibited would creep in. That, however, is a matter for legislative determination and affects only the sweep of the prohibition. It is not so contrary to the letter and spirit of the zoning law as to be unwarranted as matter of law. We are of opinion that the true construction of the ordinance is that § 6 (a) is a limitation and qualification of the provision as to prohibited uses. Thus construed it is not contrary to G. L. (Ter. Ed.) c. 40, § 29. It is operative with respect to the alteration of premises so as to adapt them for a use different from that to which they were put before the nonconforming use was created by ordinance, even though that different use be also one which but for § 6 (a) would be a nonconforming or prohibited use. It goes beyond the peremptory requirement of § 29 to exempt existing structures and uses from absolute prohibition but it does not violate any statutory mandate concerning zoning. The statute does not impose any minimum zoning in this particular. It does not forbid this alleviation of loss which otherwise might befall owners of existing structures and uses situated within a zone to the requirements of which they do not conform.

The municipal zoning laws were revised by St. 1933, c. 269, § 1. We think that the provisions of that act although changing in some respects the earlier statutes do not require any different result as to the issue here presented.

It follows that there was error in the order granting the petition for the writ of mandamus. That order is reversed. The petition is to be dismissed.

*So ordered.*