In the Matter of ARTHUR KOVELMAN, Petitioner, against ROY PLAUT et al., Constituting the Board of Appeals of the Incorporated Village of Lawrence, Respondents.

Supreme Court, Special Term, Nassau County, May 23, 1951.

*David Fox* for petitioner.

*Edward S. Bentley* for respondents.

HALLINAN, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the board of appeals of the village of Lawrence, County of Nassau, denying a building permit to the petitioner, to annul said determination, and to direct the issuance of a permit.

Petitioner is the owner of a gasoline filling station in the village of Lawrence. Upon that station is a battery of three gasoline pumps which is presently located parallel to and, according to the petitioner, two feet back from the street line of a public sidewalk. According to the respondents, the pumps are located immediately adjacent to the street line. Whatever the exact distance of the pumps from that line, the fact remains that a conforming use of those pumps would require that they be set back ten feet from the street line. (Building Zone Ordinance, Village of Lawrence, § 211.2, subds. [e], [f], [h], [t]; § 211.12, subd. [f].) Since, however, they were so located prior to the enactment of the ordinance requiring a ten-foot setback, in their present position they concededly constitute a legal nonconforming use and as such may be continued. (Building Zone Ordinance, Village of Lawrence, § 211.27.)

As the pumps are presently situated, petitioner may lawfully serve customers from only one side, the south or station side, since serving customers from the other, the north or street side, necessarily involves the parking of vehicles upon the public sidewalk. Even though it is conceded by the respondents, at page four of their memorandum submitted in opposition to this application, that " For many years the proprietors of this service station (including both the petitioner and the prior owners) were accustomed to serve customers from both sides

of the gasoline pumps," it is clear that the petitioner acquired no rights thereby. Consequently, when, very recently, the village initiated a drive to prevent customers from driving their vehicles upon the public sidewalk, petitioner was restricted to serving customers from only the station side of the pumps. He thereupon applied to the building inspector of the village for permission to relocate his pumps seven feet back from their present position so that he would be able lawfully to utilize both sides.

The application of the petitioner was denied by the building inspector " for the reason that the ten foot front yard required by Section 211.12(f) of the Village Ordinance " had not been provided. The appeal from that determination was also decided adversely to him, the board finding that " no undue hardship would exist by complying with the Zoning Ordinance which requires a setback of ten feet in the Business Zone."

It is, of course, well settled that the determination of a board may be annulled only upon a showing that it was arbitrary or contrary to law. (*People ex rel. Hudson-Harlem Co.* v. *Walker,* 282 N. Y. 400; *Matter of Great South Bay Marine Corp.* v. *Norton,* 58 N. Y. S. 2d 172, affd. 272 App. Div. 1069.) The decision of the board in this case, assuming that it had the authority to act as it did, cannot be said to have been arbitrary. This court is convinced, however, that the failure of the board to reverse the decision of the building inspector denying the permit was contrary to law.

Section 211.27 of the building zone ordinance provides, in pertinent part: " Any non-conforming use existing at the time of the passage of this ordinance may be continued and any existing building, designed, arranged, intended or devoted to a non-conforming use may be reconstructed or structurally altered, and the non-conforming use therein changed subject to the following regulations: (a) The structural alterations made in such building shall in no case exceed fifty per cent. of its assessed value, nor shall the building be enlarged, unless the use therein is changed to a conforming use. (b) No non-conforming use shall be extended at the expense of a conforming use."

Section 211.34 provides, in pertinent part, that the board of appeals " may, in cases where the enforcement of the strict letter of this ordinance would work unnecessary hardship or injustice, after public notice and hearing, and in harmony with the general purpose and intent of this ordinance and of the

regulations hereby established, (a) Vary the application of the regulations herein established. * * * (f) Permit the extension of a non-conforming use or building upon the lot occupied by such use or building at the date of the enactment of this ordinance.''

The Court of Appeals has stated that '' Zoning laws which curtail and limit uses of property confer no privilege upon property owners. Even though in case of necessity such laws are properly within the exercise of the police power, the whole and each and every of the parts must be given a strict construction since they are in derogation, of common-law rights ''. (*Matter of 440 E. 102nd St. Corp.* v. *Murdock*, 285 N. Y. 298, 304.) Applying that principle of construction to the ordinance here involved, this court cannot find any provision therein which can reasonably be said to deny to the petitioner the right to relocate his gasoline pumps, not in the discretion of the board of appeals upon a showing of unnecessary hardship or injustice, but as a matter of right. Nowhere does the ordinance expressly prohibit the mere change of location of a building devoted to a nonconforming use, although such might easily have been done. (*Bianchi* v. *Commissioner of Public Bldg.*, 279 Mass. 136; *Commonwealth* v. *Dillon*, 277 Mass. 196; see, also, *Matter of 440 E. 102nd St. Corp.* v. *Murdock, supra,* p. 309.) Section 211.27 of the village zoning ordinance, above set forth, simply provides that a nonconforming use '' may be continued '' and that a building devoted to such a use may be '' reconstructed or structurally altered, and the non-conforming use therein changed '' subject to certain regulations. Continuance of the nonconforming use is not made subject to any regulations. Only when it is sought to have a building which is devoted to such a use '' reconstructed or structurally altered,'' or '' the non-conforming use therein changed,'' do certain regulations have to be satisfied. It is clear that the nonconforming use involved in this case would not be '' changed '' merely by relocating the pumps. (Cf. *Matter of Empire City Racing Assn.* v. *City of Yonkers*, 132 Misc. 816.) And it would, indeed, in the absence of other language requiring such a construction (e.g., see *Matter of 440 E. 102nd St. Corp.* v. *Murdock, supra,* p. 309), seem unreasonable to hold that merely moving the gasoline pumps from one location to another constitutes a reconstruction or structural alteration. '' A building is ' enlarged, extended, reconstructed or structurally altered ' within the meaning of a zoning resolution only where there is a change or substitution in a substantial particular in the

structure of the building itself or in one of its parts or by the addition of another structure to it so that there is an effective conversion of an existing building into a different structure ''. (*Matter of 440 E. 102nd St. Corp.* v. *Murdock, supra,* pp. 308–309.) Nothing within the meaning of the language quoted is here contemplated to be done by the petitioner.

Even if it be held, however, that the proposed relocation of the pumps does constitute a reconstruction or structural alteration thereof, the regulations contained in subdivisions (a) and (b) of section 211.27 of the Building Zone Ordinance, the only subdivisions here pertinent, do not prevent such action by the petitioner. The '' structural alterations '' do not exceed the 50% limit, nor will the pumps be '' enlarged.'' Thus, the requirements of subdivision (a) are met. Subdivision (b) prohibits the '' extension '' of a nonconforming use. But no extension is here sought. True, to the extent that petitioner would be able lawfully to serve customers from both sides of the pumps the volume of his business would be increased. But an increase in volume of business does not effect an extension of a nonconforming use if '' In essence, the business is the same.'' (*People* v. *Perkins,* 282 N. Y. 329, 330.)

It may, indeed, be argued with some force that the contemplated change in position of the pumps constitutes a diminution not an extension of the nonconforming use. That which renders the present use nonconforming is not the nature of the use (see Building Zone Ordinance, Village of Lawrence, § 211.12, subd. [a], par. [25]) but the distance which the pumps are set back from the street line. Any increase in such distance would to that extent decrease the nonconformity.

In view of the foregoing it can be seen that the board of appeals was not called upon, because of unnecessary hardship or injustice, to '' Vary the application of the regulations '' established in the Building Zone Ordinance (§ 211.34, subd. [a]), nor to '' Permit the extension of a non-conforming use or building '' (§ 211.34, subd. [f]). It had, therefore, no authority to do other than reverse the decision of the building inspector denying petitioner's application for a building permit. The determination is accordingly annulled solely on the law.

Settle order.