In the Matter of JOSEPH SPADAFORA et al., Petitioners, against JAMES P. FERGUSON et al., Constituting the Zoning Board of Appeals of the City of Rome, Respondents, and NOLAN CORPORATION, Intervener.

Supreme Court, Oneida County, June 12, 1944.

*Harold Massey* for petitioners.

*Lawrence T. Cook, Corporation Counsel,* for respondents.

*W. Cullen Stevens* for intervener.

CREGG, J. This is an application to review a decision of the Zoning Board of Appeals of the City of Rome.

The Zoning Ordinance of the City of Rome was adopted May 5, 1943. The Board of Appeals was duly and regularly appointed pursuant to the provisions of that ordinance as provided in section 81 of the General City Laws.

The decision of the Board granted the Nolan Corporation, intervener in this proceeding, the right to construct a factory building for the purpose of light manufacturing in a general residential zone in the city of Rome.

The residential zone in question is located between two industrial districts which are about 500 feet apart. The Nolan Corporation owns and operates a large manufacturing plant which adjoins the property in question. At the present time it is engaged exclusively in the manufacture of war materials.

The properties upon which houses are constructed in this residential area vary in value from $1,200 to $2,700. The vacant lots are assessed for about $400 each. There are about thirty-three lots in this area and houses are built on thirteen of them. These houses are of old type construction and have undoubtedly been built a great many years. A printing establishment is being operated in one of these houses about 100 feet away from the property in question. It is evident from a personal inspection (made by this court at the invitation and request of all parties to this proceeding) that the locality is undesirable for residential purposes.

The Nolan Corporation by petition dated April 11, 1944, made application to the Board of Appeals for permission to construct a factory building. After a public hearing permission was granted by a four to one decision to the Nolan Corporation to construct the building in question upon the following grounds: " 1. The said lots 19, 20, 22 and 23 are located very closely between Heavy Industrial Districts. 2. The plant of Nolan Corporation was located in this section before the adoption of Ordinance #324, and it appears necessary to enlarge the plant because of war work. 3. That to enlarge this plant it becomes necessary to build on these lots, and 4. That to grant the relief requested will not create a condition out of harmony with the general purpose and intent of Ordinance #324."

I do not agree with the " 4th " conclusion of the Board of Appeals.

The power to grant a variation or dispensation from the provisions of a zoning ordinance, in a specific case, is subject to specific limitations. (*Matter of Levy v. Bd. of Standards and Appeals,* 267 N. Y. 347.)

In that case the court said, at page 353: " The Board does not exercise legislative powers. It may not determine what restrictions should be imposed upon property in a particular district. It may not review the legislative general rules regulating the use of land. It may not amend such general rules or change the boundaries of the districts where they are applicable. Its function is primarily administrative. It has been intrusted only with power to grant a variation in specific cases where strict enforcement of the letter of the restriction would cause practical difficulties or unnecessary hardship. Even then it may act only where the variation is in harmony with the general intent of the zoning restrictions so that ' the public health, safety and general welfare may be secured and substantial justice done.' When it acts, ' general rules are suspended for the benefit of individual owners, and special privileges established.' "

In other words, the Board of Appeals is not a legislative body. The general hardship occasioned by placing the property in question, together with the other twenty-nine lots in the area, in a general residential zone should be remedied by revision of the zoning ordinance and not by granting special privileges to a single owner. (*Arverne Bay Construction Co.* v. *Thatcher,* 278 N. Y. 222, 233; *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71.) It is only where the individual owner shows that restrictions will cause him a peculiar hardship that a special privilege

may be granted. (*Y. W. H. Assn.* v. *Bd. of Standards & Appeals,* 266 N. Y. 270.)

However, a court should not set aside the determination of public officers in a matter like this unless it is clear that their action has no foundation in reason and is a mere irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense. (*Nectow* v. *Cambridge,* 277 U. S. 183.)

It is urged by the Nolan Corporation that it is necessary for it to build on the property in question in order to fulfill its war contracts. That argument undoubtedly carried great weight with the Board of Appeals. In the present emergency it should be given serious consideration. Everything should be done to speed up production so as to bring about a speedy and successful termination of the war.

In my opinion, therefore, the order of the Board of Appeals which permits the erection of a factory building and its use for manufacturing purposes should be modified and limited by a direction therein that the factory building be removed within a reasonable time after the present war and the exigencies arising therefrom, unless the whole area involved is changed by the proper legislative body to an industrial zone.

Order may be entered accordingly.