D. Ormonde Ritchie, J.
Proceeding under article 78 of the Civil Practice Act to review and to annul a determination made by the Board of Appeals of the Village of Sands Point denying petitioner’s application for a variance in connection with certain property owned by petitioner in that village. It appears that petitioner owns some 72 acres of land upon which he owns a home. The rest of the property is vacant and petitioner seeks *23 to reserve 32 acres for his home and to sell the remaining acres for building lots. The local ordinance restricts the property to the extent of requiring two acres of land for each house. Petitioner has requested a variance so that the 40 acres of land may be utilized as one-acre plots. Under a provision of the ordinance, the Board of Appeals is authorized to grant a variance where the general character of the land in the immediate vicinity is such that residences have been erected on less than two acres. Under such conditions, it may vary the application of the ordinance so as to allow not less than one acre to be used for a building. The Board of Appeals has, by its holding, decided that it did not have jurisdiction to grant the application on the ground that what petitioner in fact sought was a change of zone from Residence A to Residence B. With that conclusion I agree. I cannot believe that the purpose of a statute designed for granting a variance to provide for individual contingencies can be construed to be so broad that 40 acres can with one stroke be lifted out of a Residence A zone and placed in an entirely different zone. I believe this would constitute legislation which can never be accomplished by an administrative body. The Board of Appeals is an administrative body and may not usurp the functions of the village trustees. Any other interpretation of the ordinance is, I believe, unwarranted. The determination of the Board of Appeals is affirmed and the petition dismissed.