William R. Brennan, Jr., J.
This article 78 proceeding is brought for an order annulling a determination of the Board of Appeals of the Incorporated Village of Old Westbury, made on March 6, 1961, which denied petitioner’s application for a variance and sustained the action of the Village Clerk in refusing to issue a building permit.
The property involved is a plot of approximately 5% acres bounded on the north by Hillside Avenue, on the west by Northern State Parkway, on the east by Guinea Wood Road, and on the south by a smaller plot owned by petitioner or related interests which extends south to Jericho Turnpike and on which smaller plot is constructed a gasoline station, a diner and a Carvel frozen custard stand. The 5%-acre plot which is the subject of this litigation is the only parcel in the entire village of Old Westbury which is zoned as Residence A (minimum plot area of 8,000 square feet), being all that remains of some 30 acres originally so zoned in 1926, but reduced through the years to its present size by operation of the power of eminent domain and by a diminution of village boundaries.
Petitioner’s application to respondent board was for a variance and a permit to build a restaurant and retail stores on its property, and, mindful of the requirements of Matter of Otto v. Steinhilber (282 N. Y. 71), it presented to the board a thorough, persuasive and strong showing that the land could not yield a reasonable return if used for residential purposes permitted in the zone, and, that the plight of the owner was due to unique circumstances. In this connection it emphasized the encirclement of the property by main arterial highways, the noise factor of heavy vehicular traffic, the difference in grade of some of the highways as compared to the property, the low safety factor in having blind exits from the property, the heavy exhaust fumes and road dust, the high development cost, the limited market for residential occupancy in such an area, and the improbability of obtaining any practical mortgage financing for residential development.
In denying the application, the board found as a fact that the plot as presently zoned would in fact yield a reasonable return if used for the purposes permitted in the zone. We deem it unnecessary, however, for reasons which will appear below, to determine whether this finding was based upon substantial and credible evidence or whether, on the other hand, it was, upon a reading of the entire record, arbitrary and capricious. (Cf. Matter of Community Synagogue v. Bates, 1 N Y 2d 445.)
In addition to its fact-finding, the board also concluded as a matter of law that it lacked the power to grant the application *471 because to do so would be to effect a rezoning of the property. With this conclusion the court must agree. The board is an administrative, not a legislative body. Were it, under the guise of a variance, to remove from the zoning map of the village every square inch of property in the village zoned as Residence A, and convert it to business use, it would be embarking upon a prohibited legislative course entirely beyond its power. As was said in Dowsey v. Village of Kensington (257 N. Y. 221, 227): “ No power has been conferred upon the Board of Appeals to review the discretion of the Board of Trustees in creating a general rule regulating the use, construction or alteration of buildings or structures or the use of land.” Nor does the fact that petitioner is the sole owner of the sole plot zoned Residence A in any way change the rule. No matter how unique the zoning, no matter whether it was never part of an over-all comprehensive plan, no matter how unreasonable it may be today, through historical erosion of what once was a comprehensive zoning plan, it cannot be repealed by the administrative board, but only changed by the local legislative body which enacted the ordinance, or stricken down by the courts in an action for a declaratory judgment testing its constitutionality. (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222; see, also, Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269; Matter of Hess v. Bates, 17 Misc 2d 22.)
The determination of the respondent is affirmed and the petition dismissed.