Jack Stanislaw, J.
Respondent Board of Appeals of the Town of Islip denied each of petitioner’s 14 separate applications for special exception. Now we have 14 separate article 78 OPLR proceedings brought by petitioner to review every one of these denials. The hearings, the returns and these proceedings reflect almost identical issues of fact and law. We shall therefore follow the parties’ lead and treat these matters collectively and as one.
By the terms of article XVIII of the Islip Zoning Ordinance the Board of Appeals is empowered to grant such special exceptions where otherwise permissible, as it deems will serve public convenience and welfare while not substantially or permanently injuring appropriate uses of neighboring property.
The 14 lots involved here are located in an industrial district allowing residential use only by special permit. They are consecutively contiguous, but not otherwise unusual in size, shape or topography.
In each instance the board’s findings and decision were identical. It decided that it had no power, no jurisdiction to grant relief in these cases. Almost as an afterthought, the board noted too that the applicant had not shown that granting the exceptions would substantially serve public convenience and welfare. This latter observation is of course only respondent’s conclusion, without the assistance of factual findings. In such posture the respondent’s decisions are not susceptible of affirmation, much less review (Matter of Gilbert v. Stevens, 284 App. Div. 1016; Matter of Panzer v. McConnell, 6 A D 2d 700; Matter of Larkfield Equities v. Larkin, 181 N. Y. S. 2d 684, mod. other grounds 10 A D 2d 958; Matter of Fornaby v. Feriola, *801 34 Misc 2d 878). Unless the respondent’s jurisdictional assertions are well taken these several matters must be remanded to the board for further findings so as to be amenable to review (Matter of Syosset Holding Corp. v. Schlimm, 4 A D 2d 766; cases cited, supra).
Referring special exceptions to respondent, the Zoning Ordinance authorizes the granting of same by the board “in a specific case ”, subject to those other factors noted above. Respondent hesitates, as an administrative body, to allow the 14 exceptions in a row as being tantamount to rezoning, a function beyond its capacity. But petitioner objects to this treatment of his several applications in bulk, arguing for individual consideration and determination of each.
The flexible zoning control available through the use of special exceptions recognizes certain usage of property as beneficial if controlled and possibly made conditional (Matter of Syosset Holding Corp. v. Schlimm, supra; Matter of Family Consultation Serv. of Eastchester v. Howard, 14 Misc 2d 194). Once the standards for adaptation are spelled out the Zoning Board applies them (Town Law, § 267, subd. 2). Special exceptions are implicitly of only limited availability because of this necessity to establish precedent factors (i.e., Matter of Krust v. Hill, 212 N. Y. S. 2d 981). In fact, when administrative bodies have allowed the zoning reclassification of large areas the courts have been quick to refuse condonation of such action (Matter of Hess v. Bates, 17 Misc 2d 22; Matter of Hiscox v. Levine, 31 Misc 2d 151). Such action is visualized as being tantamount to the usurpation of legislative prerogatives associated with changes of zone. (See, also, Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269; Matter of Sirota v. Grunewald, 222 N. Y. S. 2d 841.)
The cases noted deal with single and distinct proceedings, involving great areas. They are offered by respondents to buttress their theory, supported by the pertinent verbiage of the ordinance which states that the board “may act in a specific case ”, that it may not act upon multiple requests involving contiguous properties. But to restrict consideration of applications to specific cases is obviously not a limitation on the board geographical in nature. This interpretation makes hash of a relatively straightforward phrase indicating simply an application-by-application administrative operation. The ‘1 specific case” referred to is more reasonably a single parcel, as opposed to a single area composed of several separately identified lots (cf. Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86).
*802 ■ Whether successive or simultaneous applications were made here makes little difference. Although the board naturally would be cognizant of the several related applications, each represents an isolated parcel capable of individual treatment. We do not approach any question of a determination that might be made by respondent, somewhere along the line reflecting its possible prior related determination(s). In any event, it would be grossly unrealistic to mandate that any result on one application be validated, ipso facto, 14 times. On the other hand, the responsibility remains in the board to present proper findings and conclusions in each matter. It does have the jurisdictional ability to do so without invading the exclusivity of the legislative rezoning power.
These matters are remanded for further findings and conclusions, the substance of which shall be communicated to petitioner for such further development deemed advisable.