John P. Donohoe, J.
This petition under article 78 of the CPLR is granted.
In this proceeding the petitioners, who are the owners of tracts of residential land in the Town of Clinton, Dutchess County, ranging in size from 15 to 100 acres, sue the Planning Board and a real estate developer to annul the approval of a, subdivision plot plan which contains lots, all but one of which are substandard under the newly enacted Zoning Ordinance.
The respondent Kahn acquired a parcel of land containing about 55 acres in the Town of Clinton in July, 1967. At that time, the town had a Planning Board, which had been empowered by the Town Board to approve subdivision plot plans pursuant to subdivision regulations adopted on "June 12,1962. The town *938 did not have a Zoning Ordinance, but was preparing one. It eventually came into effect on May 19, 1969.
The respondent Kahn prepared a preliminary plot plan, which he submitted to the Planning Board in April, 1968. The board did not approve it, but required changes.
Kahn filed an amended plot plan bearing date August 26, 1968. It was not approved. He filed a further amended map dated December 19, 1968, It was, in turn, rejected. Kahn filed a further amended plot plan dated January 31, 1969. The Planning Board granted it conditional approval on March 27, 1969.
Before the conditional approval became absolute, the Town of Clinton Zoning Ordinance became effective, on May 19, 1969. According to the ordinance, the area where Kahn’s property lay was zoned for residential use, with 5-acre minimum bulk requirements. Only one of Kahn’s 16 lots contained 5 acres. Nevertheless, Kahn applied for final approval on about June 1, 1969. The Planning Board held a public hearing on this application on June 18. Following that, the board permitted a few adjournments to enable counsel for the petitioners and the objectants at the hearing to file memoranda. The board reconvened on July 30,1969 and rendered its decision, the pertinent portion of which reads as follows: “ This Board has given extensive consideration to this matter and is impressed with the concern of the residents of this rural like area and their genuine desires to preserve its present status. It is also mindful of the fact that the developer commenced this project and filed his application prior to the enactment of the present zoning law, and incurred considerable expense in pursuing said application; and made changes and modifications to his original plan at the suggestions of this Board. To deny him final approval would cause him substantial economic injury. Accordingly, the application is approved.”
The discretionary powers granted to a Board of Appeals under subdivision 5 of section 267 of the Town Law were not granted to Planning Board. The authority of a Planning Board, unlike a Zoning Board of Appeals, is strictly limited by sections 276 and 277 of the Town Law. These sections specify the criteria upon which Planning Boards must rest their decision. An examination of the minutes of the respondent board shows that it exceeded its statutory power in this matter.
A substantial portion of the hearing before the respondent was taken up with the offering of evidence of the relative costs *939 of lots in various forms of development and .subdivision. The thrust of this proof was to establish the economic injury which the developer would suffer if he were required to subdivide in accordance with the hulk requirements of the freshly enacted Zoning Ordinance. The petitioners in this proceeding, who appeared as objectors at the hearing, made some attempt to rebut proof of economic impact which the developer attempted to show. Thus the struggle became a quasi-judicial contest upon constitutional issues.
It is hard to tell from the decision just what it was based upon. But, it gives the appearance of being a decision on economic hardship, far afield from the Planning Board’s proper function.
In approving a plat, a Planning Board is not author zied to waive zoning restrictions. Anderson, Zoning Law and Practice in New York State (§ 15.10): “where a zoning ordinance has been adopted by the town the plots shown on said plat shall at least comply with the requirements thereof.” (Town Law, § 277.) “ Neither the filing of a map by a property owner nor its approval in any form not encompassing specific consideration of the classification of the Town Board can change the zoning or create an estoppel that will work such change.” (Shapiro v. Town of Oyster Bay, 27 Misc 2d 844, 847.)
The petitioners allege that the evidence adduced at the hearing is inadequate to support the findings of economic injury. The respondents in their answer raise the issue of the sufficiency of the evidence adduced by petitioners, at the public hearing, to rebut such findings. At first impression, these allegations would seem to require transfer of the entire proceeding to the Appellate Division for disposition under the provisions of CPLR 7803 (subd. 4) and 7804 (subd. [d]). But, as has been pointed out above, these issues are quite irrelevant to this decision, because the respondent board exceeded its power.
If the determination under attack had been made by a Zoning Board of Appeals, different questions would be presented, involving the merits of the controversy.