■ In the Matter of HERMAN DIAMOND, Appellant, v. MARVIN M. SPECTER et al., Constituting the Eastchester Planning Board, Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul respondents' determination dated March 24, 1971 denying petitioner's application for approval of a subdivision of his property, the appeal is from a judgment of the Supreme Court, Westchester County, entered September 17, 1971, which dismissed the proceeding. Judgment reversed, on the law, without costs; petition granted; respondents' determination annulled; and respondents directed to approve petitioner's application for subdivision of his property. Petitioner's property which is the subject of this proceeding is located in a residential zone in which a minimum total square footage of 15,000 feet with a minimum frontage of 100 feet and a minimum depth of 150 feet is required. Petitioner applied to the respondent Planning Board of the Town of Eastchester to subdivide his property into two lots. Each of the carved-out lots as proposed in the subdivision would be totally conforming both as to the total square footage minimum and

the required frontage and depth. The Planning Board denied the application on a variety of grounds; and the Special Term dismissed this proceeding for review, holding that any structure built on the subdivided land would affect an existing drainage system and add pollution to an adjacent lake. In addition, the Special Term noted that, due to the nature of the swampy land, adequate protection for fire emergencies could not be guaranteed, since heavy equipment could not operate in the area. In our opinion the Planning Board and the Special Term were in error. Minimum square foot requirements pursuant to a zoning ordinance, proper access of fire-fighting equipment to buildings, and the existence of land which "can be used safely for building purposes without danger to health or peril from fire, flood or other menace" are proper factors for the consideration of a town planning board in determining whether or not to approve a proposed subdivision of a lot (Town Law, § 277, subd. 1). However, the record herein indicates that petitioner has met all the minimum footage requirements and that the Town of Eastchester has an easement on the subject property to maintain a drainage system, which will not be affected by the proposed subdivision. There is no competent evidence in the record to support a finding that heavy fire-fighting apparatus could not be maintained on the property. Respondents' statement that petitioner has not shown any hardship is irrelevant and inappropriate to this type of application (Town Law, § 277; *Matter of McEnroe* v. *Planning Bd. of Town of Clinton,* 61 Misc 2d 937). The other grounds raised by respondents as objections to petitioner's application are inconsequential, irrelevant and without merit. The contention that the 1970 denial of petitioner's prior application was made upon the merits is not borne out by the record, which indicates that it was intended that a new application be permitted. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.