Leon D. Lazer, J.
The Islip Town Board (the “town”) has instituted this article 78 proceeding to annul a series of five *24 variances granted by the respondent Islip Board of Zoning Appeals (the “ board”) to respondent C. P. Builders, Inc. (the “ owner ”). The parcel involved has 396 feet of street frontage and 110 feet of depth, and was purchased less than a year before the owner applied to the board for relief. It consists of a single one-acre lot on an old filed map, lying in the single-family “ Residence A” district which requires of each building lot an area of 11,250 square feet and a frontage of 75 feet, here limiting the plot yield to three. The variances authorized the construction of five dwellings on lots which contained 8,690 square feet of area and frontages of 79 to 80 feet. The grant was madé subject to Planning Board approval.
The variance applications were predicated on the theory that compliance with zoning ordinance provisions relating to plot area would result in street frontages exceeding 100 feet, which the owner characterized as * ‘ confiscatory ’ ’ under the circumstances. No “ dollars and cents ” testimony was offered at the hearing (see Stanley Park v. Donovan, 34 A D 2d 690). After inspecting the property the board approved the applications, concluding “ that the applicant will suffer economic injury if the strict application of the area ordinance were enforced to require the applicant to provide an improved plot frontage in excess of 102 feet in lieu of the required 75 feet.” The board also found that the contiguous parcels were substandard and that the proposed reduced lots conformed substantially to the plots in the immediate surrounding area.
The town has attacked the board’s determination as a usurpation both of the town’s legislative function to rezone and the Planning Board’s powers to approve subdivisions, and it further urges that the variances are not supported by the record.
THE VARIANCES DO NOT CONSTITUTE A REZONING.
A board of appeals has no power to remake a zoning map under the guise of granting a variance (Scarsdale Supply Co. v. Village of Scarsdale, 8 N Y 2d 325), for such a change constitutes an exercise of legislative power (Old Farm Road v. Town of New Castle, 26 N Y 2d 462; Matter of Levy v. Board of Stds. & Appeals, 267 N. Y. 347; Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126; 101 C. J. S., Zoning, § 283). A variance may be regarded as a zoning amendment if it alters in any fundamental and substantial respect the zoning scheme which is articulated in the ordinance (3 Anderson, American Law of Zoning, § 14.68, p. 61; Mayflower Prop. v. City of Fort Lauderdale, 137 So. 2d 849 [Fla. App.]; Bryant v. Lake County *25 Trust Co., 284 N. E. 2d 537 [Ind.]). In determining whether the zoning province of the legislative hody has been invaded, size is a significant factor (Van Deusen v. Jackson, 35 A D 2d 58, affd. 28 N Y 2d 608; Matter of Beach Haven Jewish Center v. Foley, 18 A D 2d 917, revd. on dissenting opn. below 13 N Y 2d 973; Gardner v. Le Boeuf, 24 Misc 2d 511, affd. 15 A D 2d 815), for the variance which most closely resembles an amendment is one which applies to a large or extensive tract of land (3 Anderson, American Law of Zoning, § 14.69). Applications for variances which change the density or use of such tracts have been characterized as ‘ ‘ futile ’ ’ and will not receive judicial approval (see Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269 [127 acres] ; Scarsdale Supply Co. v. Village of Scarsdale, supra, [3.4 acres]; Van Deusen v. Jackson, supra [7.365 acres]; Gardner v. Le Boeuf, supra [19 acres]; Spadafora v. Ferguson, 182 Misc. 161, affd. 268 App. Div. 820 [33 lots —13 houses]; Matter of Von Gerichten v. Schermerhorn, 49 Misc 2d 800 [14 parcels]; Matter of Northampton Colony v. Board of Appeals of Inc. Vil. of Old Westbury, 30 Misc 2d 469, affd. 16 A D 2d 830 [5.5 acres]; Matter of Hiscox v. Levine, 31 Misc 2d 151 [modification by planning bd.— 37.4 acres]; Matter of Hess v. Bates, 17 Misc 2d 22 [40 acres]; 2 Anderson, New York Zoning Law & Practice, § 18.58; 2 Rathkopf, Law of Zoning & Planning, § 39-10).
Research has revealed no case of judicial disapproval of a variance based on property size where but a single acre was involved. Neither has it disclosed any determination holding that a density increase from three residences to five in a high density area constitutes a usurpation of legislative power. The instant variances do not amend the zoning ordinance or change the boundaries of the district (Matter of Levy v. Board of Stds. & Appeals, supra), radically alter the nature of the entire zone (Sinclair Pipe Line Co. v. Village of Richton Park, 19 Ill. 2d 370), or the essential character of the neighborhood (101 C. J. S., Zoning, § 282), destroy the general scheme of the zoning law (Matter of Clark v. Board of Zoning Appeals of Town of Hempstead, 301 N. Y. 86), effect a substantial change in the comprehensive plan (2 Rathkopf, supra, § 39-10), seriously disarrange the zoning pattern, or defeat the general purpose of the zoning law (Matter of Beach Haven Jewish Center v. Foley, supra; Van Deusen v. Jackson, supra). The single-family development of the instant parcel based on the board’s grants will not upset the zoning balance of the large residential zoning district in which it lies. Whatever its other deficiencies as an adminis *26 trative determination the hoard’s action did not constitute an appropriation of the town’s legislative function.
THE VARIANCES DO NOT CONSTITUTE AN UNAUTHORIZED SUBDIVISION OF LAND.
Although the variances were granted subject to Planning Board approval, the town relies on Van Deusen v. Jackson (supra), to support its theory that the jurisdiction of the planning agency was illegally infringed by variances based upon subdivision into five lots.
In Van Deusen, a 7.365 acre parcel which lay in a 15,000-square foot district had originally been subdivided. The land was subsequently rezoned into a 40,000-square foot district and the owner then obtained from the board of appeals approval of a map showing nine 25,000-square-foot lots. Characterizing the object of the variance as the “ sanction of the development of his land as a subdivision at odds with the ordinance,” the court found that “the other factors in the case, coupled with size, lead to the conclusion that the variance * * * overran the powers of the respondents.” (p. 61; emphasis supplied). In Van Deusen the owner sought to by-pass the Planning Board. Here the board has specifically conditioned its grant on approval by the Planning Board. There size was a determinative factor. Here the parcel is small.
That the instant owners must obtain approval from the Planning Board to subdivide into five lots is beyond dispute (see Incorporated Vil. of Nissequogue v. Meixsell, 55 Misc 2d 1069, affd. 32 A D 2d 1029; Ashmill Homes v. Town of Islip, N. Y. L. J., Dec. 4, 1969, p. 18, col. 2). The real issue is, which of the two administrative agencies has priority of jurisdiction. The board has approved the applications subject to Planning Board approval, but the town urges that plat approval was a prerequisite to the variances. Rathkopf supports this view, reasoning that lot variances of restrictions relating to nonexistent lots and lot lines mandate that “the proper procedural order in New York is first to secure approval of the subdivision and then to apply for such variances as may be necessary” (3 Rathkopf, supra, § 71-49). The New Jersey Supreme Court reached a similar conclusion, suggesting that upon an application to the planning board conditional on subsequent approval of a .variance, the “ planning board may, with its approval express its nonbinding opinion as to whether the variance would be conducive to or detrimental to the planning scheme because of the undersize of a lot.” (Loechner v. Campoli, 49 N. J. 504, 512; *27 see, also, Ryan v. Board of Adj. of Twp. of Woodbridge, 49 N. J. 520.)
Had a subdivision plat which contained the five nonconforming lots first been filed with the Planning Board that agency would have been obligated to conduct a public hearing to consider it (see Matter of Northern Operating Corp. v. Chamberlain, 34 A D 2d 686, affd. 31 N Y 2d 704). The town cites Matter of Weinstein v. Planning Bd. of Vil. of Great Neck (28 A D 2d 862, affd. 21 N Y 2d 1001), for the proposition that a planning board is without power to approve a map which violates the zoning ordinance. Matter of Northern Operating Corp. (supra) establishes the doctrine that the failure of a planning board to conduct a public hearing mandates issuance of a certificate of approval after 45 days even if the plat is nonconforming. Nevertheless, it is clear from the -opinion of the .Court of Appeals that such certificate of approval does not relieve an applicant from compliance with local law. A planning board cannot consider economic hardship in approving a subdivision map (Matter of Diamond v. Specter, 39 A D 2d 942; Matter of McEnroe v. Planning Bd. of Town of Clinton, 61 Misc 2d 937) and neither the approval nor the filing of a noncomplying map can change the zoning or create an estoppel that will work such change (Shapiro v. Town of Oyster Bay, 27 Misc 2d 844, affd. 20 A D 2d 850). Whether Matter of Northern Operating Corp. can be read to authorize a planning board to approve a nonconforming plat under section 277 of the Town Law is doubtful. It is more likely that the case represents judicial reaction to the use of technicalities to delay processing of subdivision plats. Nevertheless, the practical result of such a certificate of approval is the filing of a nonconforming subdivision map.
There is authority for the order of priority adopted by the owner. In Matter of Eriksen (N. Y. L. J., Dec. 4, 1964, p. 22, col. 3, affd. sub nom. Matter of Eriksen v. Commerdinger, 24 A D 2d 934), the action of the Smithtown Board of Appeals in refusing jurisdiction of a variance application on the ground that the plot created by partition “ had no legal standing ” was reversed. Although there are some distinguishing features to the case it certainly stands for the proposition that a board of appeals may have jurisdiction to grant a variance prior to plat approval. (See, also, Adams v. Incorporated Vil. of Westhampton Beach, 71 Misc 2d 579.) In Matter of Costa (Hibbard) (N. Y. L. J., March 5, 1965, p. 20, col. 1), the court held that while ultimate approval ,of the Planning Board was *28 required, it was not a condition precedent to an application for a variance under section 280-a of the Town Law.
Compliance with modern day subdivision regulations for the submission of a plat requires an owner to obtain professional assistance at substantial expense and imposes upon a planning board both technical and philosophical evaluation of the multiple criteria set forth in the statute (Town Law, § 277; see Fullam v. Kronman, 31 A D ,2d 947). Such study necessarily is time-consuming and sometimes results in delay of an extensive nature. Boards of1 appeals, however, move with less formality and more dispatch. Requirements for both filing and technical assistance are less formidable. The granting of a variance changes the zoning requirements applicable to the property it affects by permitting its use in a manner forbidden by the zoning ordinance (Balodis v. Fallwood Park Homes, 54 Misc 2d 936). The use then becomes a conforming one (Industrial Lessors v. City of Garfield, 119 N. J. Super. 181). Lots which have been modified by variance are thus conforming when they appear on a subdivision map. Consideration of such a map therefore is not an exercise in planning academics. A reversal of the order in which the instant owner made his submissions would have inflicted hypothetical zoning problems upon the Planning Board and involved it in a controversy over which it had no true jurisdiction. That jurisdiction has not been infringed by the instant application to the Board of Appeals.
THE RESPONDENT BOARD’S CONCLUSIONS ARE INADEQUATELY SUPPORTED IN ITS FINDINGS AND IN THE RECORD.
The reduction in lot area, and the consequent increase in density, characterize as area variances the relief granted by the board (McInroy v. Grunewald, 14 A D 2d 547; Matter of Satin v. Board of Stds. & Appeals of City of N. Y., 28 Misc 2d 931, affd. 15 A D 2d 531). In order for such variances to stand the record must establish that the restrictions of the ordinance create a practical difficulty in the use of the property (Matter of Village of Bronxville v. Francis, 1 A D 2d 236). The standards set forth by Justice Meyer in Matter of Wachsberger v. Michalis (19 Misc 2d 909, affd. 18 A D 2d 921) continue to prevail as a principal guide for zoning boards and courts alike in making area variance determinations. If, however, an applicant can show that he suffered ‘ ‘ significant economic injury” as a result of the area standards of the ordinance, he may be entitled to a variance (Matter of Fulling v. Palumbo, 21 N Y 2d 30). Thus an area variance may be predicated on *29 proof of what would appear to be hardship standards (see 2 Anderson, New York Zoning Law and Practice, § 18.40). . Whatever the proof, however, the board is required to set forth in its grant the findings of fact upon which the variance is based. Such findings are necessary in order to subject a determination to intelligent judicial review (Gilbert v. Stevens, 284 App. Div. 1016). They may be based upon the board’s own survey (Matter of Levy v. Board of Stds. & Appeals, 267 N. Y. 347, supra) or upon facts known to board members, but in either such event the board must set forth in its return the facts known to its members but not otherwise disclosed (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280). Here the board found that as a result of the various offsite improvements which were to be provided, compliance with street frontage requirements would impose “ unique additional cost ” upon the owner who would suffer “ economic injury ”. The testimony proffered by the owner included no evidence of a financial nature and the board’s findings are in unacceptable conclusory language (Matter of Ennis v. Crowley, 12 A D 2d 999). Since an inspection of the property was made before the board rendered its grants, the court assumes the variances were granted on facts known to its members ;but not reported in the decisions. Therefore, the matters will be remanded to the respondent board for the taking of such further proceedings as it may deem necessary with reference to proof of economic injury and the making of findings of fact which are susceptible to intelligent judicial review.