■ In the Matter of RICHARD PELLICANE, Appellant, v ROBERT V. NARDY et al., Constituting the Zoning Board of Appeals of the Town of Southampton, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Town of Southampton which denied petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), dated November 3, 1980, which dismissed the petition. Judgment affirmed, with costs. Special Term properly determined that the Zoning Board of Appeals lacked jurisdiction to grant the 10 requested area variances (see *Van Deusen v Jackson,* 35 AD2d 58, affd 28 NY2d 608; cf. *Matter of Cohalan v Schermerhorn,* 77 Misc 2d 23). Gulotta, J.P., Cohalan, O'Connor and Bracken, JJ., concur.

■ In the Matter of HUGH RAITEN, Respondent, v STATE OF NEW YORK LIQUOR AUTHORITY et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority which denied the application of a certain corporation for a corporate change to include petitioner and another individual as sole shareholders and directors thereof, the appeal is from a judgment of the Supreme Court, Kings County (Aronin, J.), entered September 19, 1980, which granted the petition, annulled the determination and directed the authority to approve the application. Judgment reversed, on the law, with $50 costs and disbursements, determination of the authority reinstated, and proceeding dismissed on the merits. Special Term erred in holding that the State Liquor Authority's determination was without support in the record. The petitioner was the manager of a pub which had its license revoked in 1976 due to trafficking in narcotics. Although petitioner denies knowing about the narcotics sales, the fact that the pub had its license revoked as a result indicates that the number of incidents was sufficient to enable the authority to infer that he knew about some of them (see *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 179). In addition, the suspension of petitioner's license in 1971 for sale after hours is another factor which demonstrates his unfitness to serve as a principal of the subject corporation. Further, of great significance is the fact that in 1970, 1972, 1975 and 1978, the petitioner was convicted of driving while intoxicated. In the authority's supplemental investigation report, dated August 20, 1979, these four convictions are noted in heavy type and are underscored. In the authority's "Digest Sheet", which is stamped "DISAPPROVED", the convictions are also mentioned. In our opinion, this alone constitutes an adequate basis in the record for the authority's determination (cf. *Matter of Schmidt & Sons v New York State Liq. Auth.,* 73 AD2d 399). Gulotta, J.P., Cohalan, O'Connor and Bracken, JJ., concur.