■ In the Matter of FRANK A. PAVONE et al., Appellants, v PLANNING BOARD OF THE TOWN OF HUNTINGTON, Respondent. —In a proceeding pursuant to CPLR article 78 to review a

determination of the respondent Planning Board of the Town of Huntington, dated August 21, 1985, which denied the petitioners' application for preliminary approval of a subdivision plat, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered July 22, 1986, which denied the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the petition is granted, the determination is annulled, and within 30 days after service upon it of a copy of this decision and order, with notice of entry, the respondent is directed to approve the petitioners' preliminary subdivision plat.

The petitioners planned to subdivide their 3.004-acre parcel of land into three one-acre lots in a residential zoning district which required a minimum one-acre lot for each dwelling unit. In denying approval of the preliminary subdivision plat, the respondent planning board's first three stated findings improperly concerned alleged nonconformity with the town's zoning ordinance (see, *Thurman v Holahan,* 123 AD2d 687). Prior to seeking formal approval for their preliminary subdivision plat, the petitioners obtained the approval of the Zoning Board of Appeals for width and setback variances necessitated by the subdivision. Therefore, the lots, with the approved variances, were conforming when they appeared on the subdivision map (see, *Matter of Cohalan v Schermerhorn,* 77 Misc 2d 23, 27-28). The fourth stated finding, namely that the subdivision would result in substantial environmental degradation, was not supported by any evidence in the record and in fact, the only evidence as to any environmental impact was directly to the contrary. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.