■ In the Matter of PURCHASE ENVIRONMENTAL PROTECTIVE ASSOCIATION, INC., et al., Appellants, v TOWN BOARD OF THE TOWN/VILLAGE OF HARRISON et al., Respondents, and HICKORY PINE ASSOCIATES LIMITED PARTNERSHIP, Intervenor-Respondent. [622 NYS2d 116] —In a proceeding pursuant to CPLR article 78 to review (1) a determination of the Town Board of the Town/Village of Harrison dated May 20, 1992 granting preliminary subdivision and site plan approval, (2) a determination of the Planning Board of the Town/Village of Harrison dated July 28, 1992, granting a Special Exception Use Permit to the intervenor Hickory Pine Associates Limited Partnership, and (3) a determination of the Planning Board of the Town/Village of Harrison dated July 28, 1992, granting a permit to conduct a regulated activity under the Town of Harrison's "Freshwater Wetlands Protection Law", the peti-

tioners appeal from (1) a judgment of the Supreme Court, Westchester County (Scarpino, J.) dated September 1, 1993, which confirmed the determinations and dismissed the proceeding and (2) so much of an order of the same court entered February 16, 1994, as, upon granting their motion to renew, adhered to its prior determination.

Ordered that the appeal from the judgment is dismissed as the judgment was superseded by the order entered February 16, 1994, made upon renewal; and it is further,

Ordered that the order entered February 16, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents and intervenor-respondent are awarded one bill of costs.

The petitioners in this CPLR article 78 proceeding sought a judgment annulling various determinations of the Town Board of the Town/Village of Harrison and the Planning Board of the Town/Village of Harrison (hereinafter collectively the Town). These determinations included (1) the grant of a Special Exception Use Permit to the intervenor Hickory Pine Associates Limited Partnership (hereinafter Hickory Pine), (2) the grant of preliminary subdivision and site plan approval and (3) the grant of a permit to conduct a regulated activity under Section 149-6.B of the Town of Harrison's Freshwater Wetlands Protection Law. These determinations clear the way towards the eventual development of a 394-acre tract of land referred to as the "Hickory Pine Property". The petitioner Purchase Environmental Protective Association (hereinafter PEPA) is a nonprofit corporation. The remaining petitioners are residents of homes near the Hickory Pine Property. The Supreme Court dismissed the proceeding. We affirm.

The project approved by the Town contemplates the division of the approximately 394-acre tract into 73 residential lots comprising approximately 116 acres, an 83-acre lot consisting of open space, and a 195-acre lot consisting of a golf course and country club. The Town's R-2 zoning district permits single-family detached dwellings to be built on 2-acre lots. The proposal under review would, pursuant to the provisions of Town Law § 278, allow a slight deviation from this 2-acre minimum lot size, and would cluster the 73 residential units onto approximately 116 acres. On appeal, the petitioners argue that employment of this cluster technique results in an overall land-use density greater than that which would be allowed pursuant to conventional zoning principles. We disagree.

The petitioners contend that the 195-acre golf-course/country-club lot "will not be used for parks, recreation, open space or other municipal purposes directly related to the residential project", and that "[o]wnership of the golf course will be distinct and unrelated to the residential project [so that] the golf course project * * * must be excluded from density determinations". They assert that the "analogy is exact" between the facts of the present case and those of *Kanaley v Brennan* (119 Misc 2d 1003, *affd* 120 AD2d 974), because the restricted availability of the golf-course facilities to future residents of the Hickory Pine development requires exclusion of the golf-course area from consideration in determining density requirements for the balance of the parcel *(Kanaley v Brennan, supra; see also, Matter of Hiscox v Levine,* 31 Misc 2d 151).

We may assume, without deciding, that the petitioners are correct in asserting that the proposed golf course is not a use "directly related to the plat" *(Kanaley v Brennan, supra,* at 1010) and that, for this reason, it may not be included in the density calculation *(see, Board of Supervisors v Centre Hills Country Club,* 18 Pa Commw 40, 333 A2d 822; *cf., Matter of Friends of Shawangunks v Knowlton,* 64 NY2d 387). This is so because, as the respondents point out, 195 acres of land were devoted to the golf-course lot under both the previous conventional and the subsequent cluster plans. Under these circumstances, however, inclusion of the golf-course area in the cluster plan did not violate the density restrictions of Town Law § 278.

In dismissing this argument as "simplistic", the petitioners argue that the "quality" as well as the "quantity" of the land must be examined in making density determinations. There is no basis in law to support this argument.

The petitioners also contend that preliminary subdivision approval was granted in contravention of the Subdivision Regulations of the Town of Harrison § 1001.2. In general, this section requires that certain subdivision plots include a stated area set aside for park purposes. However, as noted by the respondents, the Town's Subdivision Regulations also provide for the payment of a fee of 6 cents per square foot in those cases "where the Planning Board determines that a park site cannot be properly located within the plot" (Subdivision Regulations of Town of Harrison § 1001.2 [d]). The record establishes that a park is not needed in the area of the Hickory Pine Property because of unique demographic, economic, and land-use conditions. The Planning Board properly determined that setting aside a portion of the Hickory Pine Property as

parkland would not serve the Town's needs *(see, Bayswater Realty & Capital Corp. v Planning Bd.,* 76 NY2d 460).

We have examined the numerous remaining arguments advanced by the petitioners, and find them to be meritless for reasons stated by Justice Scarpino in his decision dated August 16, 1993, and in his decision and order entered February 16, 1994. Bracken, J. P., Sullivan, Lawrence and Santucci, JJ., concur.