George M. Fanelli, J.
This is an article 78 proceeding wherein petitioner (a contract vendee) seeks to review and annul the determination of the Zoning Board of Appeals of the Town of Eastchester which denied it a special use permit to use certain premises located on White Plains Road, Eastchester, New York, for offices of a philanthropic organization devoted to family counselling and fund raising, not operated for gain.
The record indicates that petitioner is a philanthropic organization mainly supported by the County Welfare Fund. Its primary purpose is to strengthen family life in the community. For almost a year, petitioner has endeavored to use the instant property, located in a one-family residence district, in connection with its organizational purposes.
After having been defeated by the Zoning Board of Appeals in a variance application, the Town Board in January, 1958, after favorable recommendation by the Planning Board, and after a public hearing and in accordance with its legislative functions, enacted paragraph 8 as an amendment to the Zoning Ordinance. This amendment was enacted to permit a use similar to that which the petitioner is engaged in and, specifically it permitted the Zoning Board of Appeals to grant a special use permit to property located in a one-family district “on a lot of not less than 10,000 square feet [for] a building housing the offices of a philanthropic or welfare agency or family counselling agency, or a fund raising agency not operated for gain ”, provided some eight criteria and standards were complied with. Thereupon, petitioner filed an application for such a special use permit and, as far as the record now indicates, it has at all times been able and willing to comply with all the conditions and standards required by said amendment as well as the other general standards imposed by section 9 of the Zoning Ordinances.
As the result of the hearing before the Zoning Board on February 26, 1958, petitioner’s application was denied by a 2-2 vote (one member being absent): Not only did the board fail to make a proper record and a determination upon factual evidence, stating the facts or reasons in support of whatever determination it may have reached on the evidence so as to permit an intelligent judicial review (Matter of Barry v. O’Connell, 303 N. Y. 46; Matter of Scudder v. O’Connell, 272 App. Div. 251; Matter of Elite Dairy Prods. v. Ten Eyck, 271 N. Y. 488), but it also took into consideration at the hearing matters outside of the standards prescribed in the ordinance *196 itself. Furthermore, the board at said meeting was in error when it took the position that the absent member, although he had access to and actual knowledge of the facts and issues in the case, was not qualified to vote because he was not present at the public hearing, despite the fact that he could read a transcript made at that hearing (see Matter of Taub v. Pirnie, 3 N Y 2d 188).
Thereafter, petitioner reapplied to the board “ through the Building Inspector ” (as provided in § 9 of said ordinance). This reapplication came before the board on March 25, 1958. This time, the member absent from the February 26 meeting was present, but another member was absent. After further consideration of the application, no vote was taken because the presiding chairman indicated his desire to have a vote taken by all five members of the board. As a result, the application was again taken up by the board at a regular meeting on April 22, 1958. This time, only three members appeared at the meeting and by a vote of 2-1, the application for the special use permit was denied. Again, no findings were made, and it is this latter determination of the board which is the subject of the present judicial review.
In this case there can be no question that petitioner’s application is one for a special exception permit. No question of a variance is here presented. The difference between the two is substantial. The granting of a special exception does not entail making an exception to the ordinance but rather permitting certain uses which the ordinance authorizes under stated conditions. In other words, a special exception is one allowable when the facts and circumstances specified in the ordinance as being those upon which the exception is permitted are found to exist. Unlike a variance, a special exception does not involve the varying of the ordinance but rather compliance with it. It is true that a Board of Appeals of a town has the power, pursuant to section 267 of the Town Law, to allow a property owner to make use of his property in some way which is in conflict with the literal provisions of the ordinance. In such cases, it has been held that the power to grant a variance is to be sparingly exercised and only in rare instances, personal in nature and caused by unique circumstances, and while a showing of unneccessary hardship is a prerequisite to a use variance (Matter of Otto v. Steinhilber, 282 N. Y. 71), no such proof is necessary for a special exception permit. The issuance of a special exception permit is a duty imposed upon a Board of Appeals provided, of course, that the proposed use meets with all the standards provided in the ordinance (see Matter of Syosset Holding Corp. v. *197 Schlimm, 159 N. Y. S. 2d 88, mod. on other grounds 4 A D 2d 766).
In the light of the afore-mentioned, the conclusion is inescapable that the instant determination must be and is annulled, and the matter is remitted to the Zoning Board of Appeals for further factual evidence and findings based thereon which are susceptible of review as to the sufficiency of the supporting evidence (Matter of Syosset Holding Corp. v. Schlimm, 4 A D 2d 766, supra).
The court is unauthorized to grant the permit requested herein although it is of the opinion that the record before it indicates facts sufficient to justify the granting of the permit sought.
Settle order on notice.