■ In the Matter of Grant Hoerner et al., Appellants, v. Patricia S. Tormey et al., Constituting the Zoning Board of Appeals of the Town of Riverhead, et al., Respondents.— In a proceeding: (1) for a declaratory judgment annulling the determination of the respondent Zoning Board of Appeals of the Town of Riverhead and annulling the special exception permit issued pursuant to such determination to the respondent Schmelzer for the erection and operation of a mobile home park and camp; and (2) to review under article 78 of the CPLR the said determination, to vacate it, and to direct the board to open petitioners' default and grant them a hearing in the event the special exception permit is not declared null, the petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered November 25, 1964, which dismissed the petition. Judgment reversed on the law and the facts, without costs, and proceeding remitted to the Special Term for the purpose of: (a) holding a hearing on the issues as to whether the respondent Schmelzer owned the property in suit or was duly and properly authorized by the owner to file an application for the special exception permit; and (b) making a determination *de novo* on the basis of the proof adduced. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The new determination, whether it finally declares the special exception permit to be valid or invalid, will depend upon the proof as to said ownership or authority. Under the zoning ordinance and under subdivision 5 of section 267 of the Town Law, the petitioners were not entitled to personal notice of the public hearing on the application for the special exception permit (*Matter of Gazan* v. *Corbett,* 278 App. Div. 953, affd. 304 N. Y. 920, mot. to amend remittitur granted 305 N. Y. 693, cert. den. 346 U. S. 822; cf. *Ottinger* v. *Arenal Realty Co.,* 257 N. Y. 371; *Siegel* v. *Lassiter,* 6 A D 2d 879); and, upon the papers and proof before the board and the inspection by and knowledge of members of the board, the board was justified in granting the application for the special exception permit (cf. *Matter of Syosset Holding Corp.* v. *Schlimm,* 15 Misc 2d 10, 11, mod. on other grounds, 4 A D 2d 766; *Matter of Family Consultation Serv.* v. *Howard,* 14 Misc 2d 194; *Matter of Levy* v. *Board of Stds. & Appeals,* 267 N. Y. 347). While a zoning board of appeals may entertain an application for a rehearing when new facts are presented changing the aspects of the case (*Ellsworth Realty Co.* v. *Kramer,* 268 App. Div. 824), the board is not required to entertain or grant the application for a rehearing (Town Law, § 267, subd. 6). While the claims as to the ownership of the property, presented by the petitioners to the board in their requests for a reopening of the matter and for a hearing, would have justified a reopening of the matter and a new hearing as to the ownership or authority of the respondent Schmelzer, the board had the statutory right to decline to reopen the matter. The facts presented by the petitioners to the board on their applications to the board for a reopening of the matter and for a hearing and the facts presented in the petition herein raise a serious doubt as to whether the respondent Schmelzer, who applied for and obtained the special

exception permit, owned the real property or was authorized by the owner to present the application as agent for or in behalf of the owner. In our opinion, if the board issued the special exception permit to one who is not the owner nor an agent duly and properly authorized by the owner to make the application for or in behalf of the owner (cf. 101 C. J. S., Zoning, § 299; *Matter of Hickox* v. *Griffin*, 274 App. Div. 792, revd. on other grounds, 298 N. Y. 365, 371; *Matter of Slater* v. *Toohill*, 276 App. Div. 850; *Matter of Lido Beach Civic Assn.* v. *Board of Zoning Appeals of Town of Hempstead*, 13 A D 2d 1030), the defect was a jurisdictional one, which was not immunized from attack by the fact that more than 30 days might have elapsed since the board's decision awarding the special exception permit was filed in the office of the Town Clerk (cf. *Matter of Foy* v. *Schechter*, 1 N Y 2d 604; *Matter of Chad Homes* v. *Board of Appeals*, 5 Misc 2d 20; *Matter of Heyman* v. *Walsh*, 137 Misc. 278, affd. 230 App. Div. 822; *People ex rel. Benedict* v. *Milleman*, 128 Misc. 367), nor by the fact that the petitioners sought relief by this hybrid judicial proceeding (CPLR 103, 104, 2001; notes in McKinney's Cons. Laws of N. Y., Book 7B, CPLR 103, subd. [c]; cf. *Ellsworth Realty Co.* v. *Kramer*, 268 App. Div. 824, *supra*). We do not pass upon what proof as to agency or authorization would render the permit valid if the respondent Schmelzer was not the owner. Ughetta, Acting P. J., Christ, Brennan and Rabin, JJ., concur; Hill, J., dissents and votes to affirm the judgment on the ground that the only one who can question the title to the property in question is the true owner.