Daniel Gr. Albert, J.
In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of the respondents dismissing the petition.
The petitioner prays for a judgment “that the undated decision of the Planning Board of the Incorporated Village of Lattingtown be declared null and void and set aside and that petitioner’s plat be approved pursuant to the provisions of Section 179-k of the Village Law.” It is his contention that he presented an application for final approval of the partitioning of premises; that a hearing was held by the respondents on May 20, 1966, and that the written decision denying the application was not made by the respondents until August 16, 1966. Since more than 45 days elapsed after the hearing before a decision was made, the petitioner contends further that pursuant to section 179-k of the Village Law the plat and plan “ shall be deemed to have been approved ” and therefore the decision of August 16, 1966 was void.
Were the petitioner one who, under the Village Law of this State or the Subdivision Rules and Regulations of the Village of Lattingtown, could request the approval of the plan for the partitioning of the premises, a judgment would be granted in his favor. This court rejects the contention of the respondents that a decision was rendered on May 20, 1966. According to the affidavit of Alfred F. Kronman, Chairman of the Planning Board, *1080 the decision was made in executive session after the hearing on May 20, 1966, but that affiant also admits that the decision was not reduced to writing nor finally approved or filed until August 16, 1966. Moreover, accepting as true the averment of said chairman, the petitioner was not even informally advised of the denial until July 22, 1966 in a .telephone conversation.
That the aforesaid contention of the respondents is unsound, is revealed by a consideration of other subdivisions of section 179-k of the Village Law. Had the plat been approved the clerk would have had to ‘ ‘ immediately ’ ’ file a certificate of that fact with the County Clerk (subd. 2) and it follows that the approval would have to be filed with the Village Clerk before he could certify the approval. Also, under subdivision 3 of section 179-k, if an approval is not acted upon by the owner of the property shown on the plat within 90 days after the approval, it expires. Here almost 90 days had elapsed before the petitioner learned about or could see the filed decision; if his application had been approved on May 20, 1966 the approval might have expired before he could act upon it.
However, this petitioner was ‘ ‘ the contract vendee ’ ’ of premises known as Lot 103 which was the easterly part of Lot 705, Section 30, Block B as shown on the County Tax Map Numbers 4484, 4558 and 4559, according to the application submitted by him on April 12,1966. At the public hearing on May 20,1966 his attorney stated that he (the petitioner) and his wife had taken title prior to the hearing, contrary to the statement, made by the chairman at the opening of the hearing, in the first paragraph of the decision, and on the last page of the decision. The return does not reveal that Lattingtown Harbor Development Co., Inc., the owner of Lot 705, applied for approval of the partitioning of its property or consented to an application on its behalf by the petitioner. Under the Village Law and under the Subdivision Rules and Regulations of the Incorporated Village of Lattingtown, New York, it is the owner of the property to be subdivided or his authorized agent who may apply for the approval of plans. (Village Law, §§ 179-k to 179-m; Subdivision Rules and Regulations of Incorporated Village of Lattingtown, §§ 320.3, 330.) The petitioner is in neither of those categories. He appeared solely for himself and for his interest in one part of the property which was to be subdivided. The respondents were without authority to entertain an application by one so situated.