■  In the Matter of EUGENE J. FULLAM, Appellant, v. ALBERT F. KRONMAN et al., Constituting the Planning Board of the Incorporated Village of Lattingtown, Respondents.— In a proceeding pursuant to CPLR article 78 (1) to annul respondents' determination denying petitioner's application under section 179-k of the Village Law for approval of a plat of land in the Incorporated Village of Lattingtown and (2) to direct the approval of the plat, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered November 23, 1966, which dismissed the proceeding. Judgment affirmed, with costs. At the time petitioner filed his application, which was for approval of a partition of acreage within the village, he described himself through the statement of his agent as a "contract vendee". At the public hearing held by the respondent Planning Board, his attorney said that petitioner had become the owner of the property. The decision of the Planning Board states that petitioner had inquired of its chairman before the purchase of the property whether a building permit could be obtained and was told that no permit could be issued because the owner-corporation which was engaged in subdividing the property had not yet filed a plat for approval by the Planning Board. The owner and subdivider did not join in the petition or appear at the public hearing; nor was any authority from the owner alleged or proved by petitioner; hence, no jurisdiction could be exercised over it by the Planning Board. The regulations of the Planning Board, adopted pursuant to statutory authority (Village Law, § 179-g), provide that "[n]o person, firm or corporation, proposing to make or have made a subdivision, as defined herein, within the territorial limits of the Village of Lattingtown, shall make any contract for the sale or shall offer to sell such subdivision or any part thereof, or shall proceed with any development, as defined herein, until he or it has obtained from the Planning Board of the Village of Lattingtown, approval of the proposed subdivision and/or development pursuant to the procedure outlined in these regulations" (§ 102). Moreover, the regulations provide that the application for approval of a subdivision shall be made by the owner or his authorized agent (§ 300). The regulations carry out the intent and purpose of the statutory scheme for the approval of subdivision plats (see Village Law, §§ 179-k, 179-l, 179-m). When a plat is presented to the Planning Board for approval, it is not merely the location and size of the lots, the roads, and the compliance of the lots with the provisions of the local zoning ordinance which require the scrutiny of the Planning Board, although each is highly important. Equally important for the considerations of zoning and planning are the installation of sewer, water and drainage facilities and the other municipal improvements which the statute establishes as subjects of concern for the Planning Board (cf. Village Law, § 179-l). "The statute reflects a legislative judgment that the building up of unimproved and undeveloped areas ought to be accompanied by provision for roads and streets and other essential facilities to meet the basic needs of the new residents of the area" (*Matter of Brous* v. *Smith*, 304 N. Y. 164, 169). Accordingly, it was not contemplated by the statute that a contract vendee (or owner) of a lot separated from the remainder of a large area of land held by a subdivider should be entitled to apply for an approval of the partition without the appearance of the subdivider before the Planning Board. Otherwise, the statute is rendered meaningless, for obviously the contract vendee of a single lot is in no position to comply with the

requirements of the Planning Board for the protection of the community and other purchasers of lots — as, for example, the posting of a bond to cover the cost of the improvements (Village Law, § 179-l, subd. 1). Piecemeal approvals of lots sold by a subdivider would clearly destroy any opportunity to consider the land owned by the subdivider as a unit and eliminate the right of the community to control the orderly development of the area affected. That this concern of the Planning Board is not an idle one is shown by the minutes of the public hearing here. Another section of the owner's subdivision was under consideration of the Planning Board for action and it was disclosed that other lots had been sold by the subdivider to single purchasers and that the eighteen acres remaining owned by the subdivider were to be offered for sale in two-acre lots. It is apparent that the Planning Board should not be called upon to approve the partition of such lots, after the fact of sale, without any jurisdiction over the subdivider, who may thus escape the burden of improvements which later the municipality may have to provide. We think that under these circumstances the time limitation of action by the Planning Board, within 45 days, is not applicable. It is unnecessary to decide whether petitioner is a party aggrieved; it is rather that the proceeding which he instituted before the Planning Board did not comply with the statute or with the regulations of the Planning Board. A default should not be recognized unless jurisdiction of the parties was properly obtained. Here the presence of the party most vital to the proceeding was lacking and the Planning Board could not take jurisdiction of the application without the presence of the subdivider. Brennan, Hopkins and Benjamin, JJ., concur; Munder, J., dissents and votes to reverse the judgment and to grant the petition, with the following memorandum, in which Christ, Acting P. J., concurs: Petitioner as contract vendee of premises referred to as Sales Lot 103 in the Village of Lattingtown submitted an application, together with an application fee of $100, to the respondent Board requesting a partitioning of said lot from Lot 745, as shown on Sheet 3 of Section 30, Block B, of the Land and Tax Map of Nassau County. The partitioning was sought on Lot 103. Notice of a public hearing scheduled for May 20, 1966 was duly posted, published and mailed to adjoining property owners. The hearing was called to consider the application of "Lattingtown Harbor Development Co. Inc. owner of Lot 745 * * * and Eugene J. and A. Fullam, owners of sales lot 103 which was part of said lot 745 * * * for final approval of a partitioning of sales lot 103 from said lot 745." The hearing was held on May 20, 1966. Prepared minutes of the hearing and copies of the Board's undated decision denying the application were filed and mailed to the interested parties on August 16, 1966. Thereafter on August 26, 1966 petitioner instituted this proceeding on the ground that the Board had not taken action on petitioner's application within 45 days of its submission pursuant to the provisions of section 179-k of the Village Law. Special Term denied relief on the ground that petitioner as a contract vendee was not a proper party to make the application; that section 320.3 of the Subdivision Rules and Regulations of the Incorporated Village of Lattingtown provides that the application for approval of a subdivision plat must be submitted by the owner or his authorized agent; and that the Board was without authority to entertain an application by a contract vendee. In our opinion, petitioner as the *equitable owner* of the premises had proper standing to make the application. In an application to a Board of Zoning Appeals a contract vendee has been specifically held to be a "person aggrieved" and thus a proper petitioner within the meaning of section 179-b of the Village Law (see *Matter of Atlantic Refining Co.* v. *Zoning Bd. of Appeals of Vil. of Sloan*, 14 Misc 2d 1022). Apart from such equitable status we consider the contract of sale as ample evidence of a

delegation of authority by the owner to make the application. Moreover, the notice of hearing clearly indicates that it was so considered by the Board. We find no judicial authority to adopt any regulation that would outlaw the sale of land in the exercise of a power to control the subdivision of land, although Professor Anderson in American Law of Zoning (vol. 3, § 19.04, p. 391) states that a municipality may do so. We consider the power to control one that affects the *res* by restricting its use, but not such a power as would interfere with or infringe upon the right of contract. We are of the opinion that the Board, having accepted the application and acted upon it, was bound to make its determination within the 45-day limitation provided in section 179-k of the Village Law. We believe that it would have been within the competence of the Board to deny the application as limited to the sales lot 103 so that the parcel from which it was carved could be wholly considered and the orderly development of the area thus controlled. However such denial must be promptly made. Inasmuch as the Board failed to take action on petitioner's application within 45 days of its submission as required by statute, the subdivision plat must be deemed to have been approved and the appropriate certificate to that effect must be issued in accordance with the provisions of section 179-k of the Village Law. [51 Misc 2d 1079.]