■ KENSINGTON ROAD, LTD., Appellant, v PLANNING BOARD OF THE VILLAGE OF BRONXVILLE, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of respondent, dated November 5, 1982, which denied petitioner's application for preliminary site plan approval for the development of certain real property, petitioner appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered September 2, 1983, which dismissed the proceedings on the merits.

Judgment affirmed, with costs.

In this proceeding, petitioner challenges respondent planning board's determination that petitioner's preliminary site plan

application for development of its garage at 5 Kensington Road was incomplete without reference to the contiguous building at 1 Pondfield Road, which building is currently under separate ownership. Although we hold that Special Term properly dismissed the petition, we prefer to rest our affirmance on a more narrow reason than proffered by Special Term.

Subdivision G of section 30.55 of the Bronxville Code of 1981 provides, in pertinent part:

"2. Contents of site plans. Each application for preliminary and/or final approval of site plans shall include * * *

"b. A site plan, or plans, drawn at a scale adequate to show clearly the following:

"(1) The dimensions, orientation, and acreage of each lot or plat to be built upon or otherwise used, *and the location of present* and proposed *easements* * * *

"(2) The layout of the entire project, and *its relation to surrounding properties and the existing buildings thereon*" (emphasis supplied).

Thus, regardless of whether or not petitioner's garage had been properly partitioned in 1977 from the building at 1 Pondfield Road, respondent planning board could require petitioner's site plan to make reference to the building at 1 Pondfield Road, as that structure was contiguous to petitioner's garage, and there was a current easement agreement between the garage and the building at 1 Pondfield Road.

Should petitioner file a new application, the planning board is not to consider the propriety of the 1977 partition, nor may it require that petitioners seek and obtain the approval of the owner of 1 Pondfield Road, prior to the board's consideration of the merits of the site plan.

Accordingly, respondent planning board's conclusion that petitioner's application was incomplete without reference to the building at 1 Pondfield Road was not arbitrary, capricious or illegal.

We have considered petitioner's other contentions and find that such arguments are either without merit or need not be reached in light of our determination. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.