■ In the Matter of Sidney Reiss et al., Appellants, v Harold E. Keator et al., Constituting the Town of Ulster

Planning Board, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Klein, J.), entered September 21, 1988 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Town of Ulster Planning Board revoking a prior conditional approval of a subdivision application.

In 1981, petitioners acquired an option to purchase a parcel of approximately 13 acres in the Town of Ulster, Ulster County. In the spring of 1983, petitioners and respondent Michael F. Zinn entered into an oral partnership agreement under which Zinn would provide the financing to acquire and improve the parcel in exchange for a 50% interest in the property which was subsequently to be partitioned between petitioners and Zinn. Petitioners took title to the property as agents for the partnership, following which it was surveyed and improved. In January 1985, petitioners conveyed a six-acre portion of the parcel, denominated lot No. 1, to Zinn and a roadway consuming nearly an acre to the partners as tenants in common, leaving six acres (lot No. 2) as petitioners' portion of the parcel. Zinn proceeded to obtain a building permit from the town's Building Inspector in October 1985 and thereafter constructed a residence on his lot.

The partners were apparently unaware that local regulations required approval of their two-lot subdivision by the Town of Ulster Planning Board. Upon learning this from the town's Assessor, petitioner Sidney Reiss applied for subdivision approval in August 1986, but his application made no mention of the partnership or Zinn's interest in the property. The Planning Board, following public notice and a hearing, on November 20, 1986, granted conditional preliminary approval, waived a final hearing and granted approval of petitioners' subdivision subject to two conditions: the dedication of an access right-of-way to lot No. 2 and dedication of a 30-foot strip along the entire frontage of the property for a county road right-of-way. Upon learning of petitioners' application and the Planning Board's action thereon, Zinn objected to the subdivision as approved, evidently because his understanding of the partnership agreement was that the lots were to be used for single residence development only, whereas the subdivision approval had been unlimited and petitioners had submitted a site plan for development of a 31-unit condominium complex on lot No. 2. By letter dated December 4, 1986, the Planning Board notified petitioners that it would be reconsidering its approval of petitioners' subdivision based on new

evidence submitted by Zinn showing that the parcel had been illegally subdivided two years prior to the Planning Board's approval, and at its next regular meeting it rescinded the conditional approval of petitioners' plat and informed them that a new application would only be reviewed if submitted by "both owners", i.e., petitioners and Zinn.

Petitioners commenced the instant proceeding to, *inter alia,* annul the Planning Board's rescission of the plat approval or, alternatively, to compel it to ratify the existing subdivision or to direct Zinn to join in petitioners' application for the subdivision. Zinn interposed a counterclaim for specific performance of petitioners' alleged agreement entered into in October 1985 to sell Zinn their lot. Supreme Court severed Zinn's counterclaim and denied the petition. Petitioners appeal.

The Town of Ulster Subdivision Regulations require that "[t]he name and address of the owner or owners of the land to be subdivided [and] name and address of the Subdivider if other than the owner" be included in a preliminary subdivision approval application (Town of Ulster Subdivision Regulations, art V, § 1 [B] [2]; § 2 [C] [1]). The regulations also require disclosure of "[a]ll existing restrictions on the use of land including easements, covenants, utility district boundary, or street lines" (Town of Ulster Subdivision Regulations, art V, § 1 [B] [4]; § 2 [C] [1]). Petitioners failed to alert the Planning Board that it was being asked to consider a subdivision proposal without input from a 50% owner and neglected to mention a rather significant restriction on use, viz., that petitioners had already conveyed away half the parcel.

Whatever the motivation for petitioner's conduct in not bringing to the Planning Board's attention that the property had been illegally subdivided and that it was owned by a partnership, the fact remains that petitioners' claim, that they were acting on behalf of the partnership, does not relieve them of the obligation to disclose the status of the property, the names of its owners and their respective interests therein. The Planning Board's need for this information is obvious when the zoning decision it is asked to make will affect the property *(cf., Matter of Fullman v Kronman,* 31 AD2d 947, *affd* 26 NY2d 725), and denying a subdivision application because it is incomplete in this respect is therefore not arbitrary or illegal *(see, Kensington Rd. v Planning Bd.,* 104 AD2d 854, 855). Accordingly, we find no basis for disturbing the determination that petitioners' misleading application rendered its plat approval a nullity.

Petitioners argue that the Planning Board's rescission

should have been preceded by the notice and hearing required for subdivision approval in the first place *(see,* Town Law § 276 [3], [4]). While public notice and a hearing serve a useful purpose where the Planning Board is making a deliberative decision based upon new evidence, here the Planning Board was merely performing the ministerial function of rescinding an approval that was void *ab initio.*

Nor is there merit to petitioners' claim that the Town of Ulster ratified the subdivision or that estoppel precludes rescission of the subdivision because the town issued a building permit to Zinn *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *appeal dismissed and cert denied —* US —, 109 S Ct 30). Unlike *Matter of Lund v Edwards* (118 AD2d 574), relied upon by petitioners, there is no evidence that the town had actual knowledge of the illegal subdivision when the building permit was issued *(supra,* at 574-575).

Also unavailing is petitioners' contention that Zinn should be compelled to join in any subsequent application to subdivide their parcel pursuant to the terms of their partnership agreement. Those terms have yet to be established, not in the course of this administrative proceeding as petitioners would have it, but in an appropriate forum; consequently, to the extent the petition here in effect can be read as stating a cause of action for specific performance of a partnership agreement, it too should have been severed along with Zinn's counterclaim, and we so sever it now *(see,* CPLR 407; *Matter of McNamara v Commissioner of Educ.,* 80 AD2d 660, 661, *appeal dismissed* 64 NY2d 1110; *Matter of Nodine v Board of Trustees,* 44 AD2d 764, 765).

The constitutional challenge to the conditioning of subdivision approval upon dedication of a 30-foot county road right-of-way need not be addressed for it has now been rendered academic.

Judgment modified, on the law, without costs, by severing petitioners' cause of action against respondent Michael F. Zinn for specific performance of a partnership agreement, and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.