■ In the Matter of ALEX ARMONAS et al., Appellants, v BOARD OF ZONING APPEALS OF THE VILLAGE OF LLOYD HARBOR, Respondents. [667 NYS2d 319] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Lloyd Harbor dated March 12, 1996, which denied the petitioners' application for a variance to construct a single-family residence on a vacant lot within a "flood plain" district, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Seidell, J.), dated October 28, 1996, which, *inter alia*, confirmed the determination and dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioners are the contract vendees of a lot in the Village of Lloyd Harbor lying in a "flood plain" district (land within the village which is less than 12 feet above mean sea

level). The petitioners sought a use variance to allow them to fill a portion of the lot to create a buildable area which would qualify for a special permit allowing them to construct a residence (*see,* Village of Lloyd Harbor Zoning Code § 205-8 *et seq.; see also, Matter of Armonas v Pratt,* 138 AD2d 697). However, Village Law § 7-712-b (2) (b) provides that a use variance shall not be granted unless the applicant demonstrates "(1) [that he or she] cannot realize a reasonable return, provided that the lack of return is substantial as demonstrated by competent financial evidence; (2) that the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) that the requested use variance, if granted, will not alter the essential character of the neighborhood; and (4) that the alleged hardship has not been self-created" (*see also, Matter of King v Ronik,* 237 AD2d 358). The Village of Lloyd Harbor Zoning Code also provides that a variance shall only be issued upon a determination that the failure to grant it would result in exceptional hardship to the applicant (Village of Lloyd Harbor Zoning Code § 205-28 [B] [5] [b]).

Here, the petitioners failed to submit proof of any hardship. Inasmuch as their contract to purchase the premises was expressly conditioned upon them obtaining all necessary approvals with respect to the development of the premises with a single-family dwelling, the denial of the variance imposed no hardship (*see, Matter of Ferruggia v Zoning Bd. of Appeals,* 233 AD2d 505).

In light of this determination, the petitioners' remaining contentions are academic. O'Brien, J. P., Krausman, Florio and Lerner, JJ., concur.