■ In the Matter of JOSEPH MADONIA et al., Respondents, v BOARD OF ZONING APPEALS OF THE INCORPORATED VILLAGE OF LINDENHURST, Appellant. [755 NYS2d 84] —Motion by the respondents, inter alia, for leave to reargue an appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County, dated March 8, 2001, which was determined by decision and order of this Court dated September 16, 2002, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for reargument is granted and the motion is otherwise denied; and it is further,

Ordered that upon reargument the decision and order of this Court dated September 16, 2002 (297 AD2d 681), is recalled and vacated and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Lindenhurst, dated June 23, 2000, which, after a rehearing, vacated its prior determination filed January 4, 2000, granting the application by Joseph Madonia for use and area variances, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Seidell, J.), dated March 8, 2001, as granted the petition, annulled the determination dated June 23, 2000, and reinstated the determination filed January 4, 2000.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the determination dated June 23, 2000, vacating the determination filed January 4, 2000, is confirmed.

In July 1999 the petitioner Joseph Madonia applied for use and area variances that would allow operation of a check-cashing business on the subject property. The Board of Zoning Appeals of the Incorporated Village of Lindenhurst (hereinafter the Board) held a public hearing on July 28, 1999, and granted the application in a determination dated November 17, 1999, and filed on January 4, 2000.

The Board subsequently reopened the matter (see Village Law § 7-712-a [12]) after questions arose as to whether proper notice of the hearing was provided to the public. At the reopened hearing, evidence was introduced that Madonia was not the owner of the property at the time of his application,

contrary to his statement on the application form, and that his statement in a "full disclosure affidavit" sworn to on July 1, 1999, that no one else had an interest in the property, was untrue. Based in part on this information, the Board revoked its prior approval of Madonia's application without prejudice to renewal. At the time of the reopened hearing, the property was owned by the petitioner 120 WSH Realty Corp., of which Madonia was the sole shareholder. The Supreme Court annulled the Board's determination dated June 23, 2000, based on its conclusion that notice was proper and directed the Board to reinstate the determination filed January 4, 2000, which approved the variances.

The determination of a zoning board will be sustained if it has a rational basis and is supported by substantial evidence (*see Matter of Fuhst v Foley,* 45 NY2d 441, 444). Contrary to the Supreme Court, we conclude that the Board's determination to vacate its prior decision should be upheld, as it was undisputed that Madonia was not the owner of the subject property at the time of his application and that he had misrepresented his ownership interest in the property at the time the application was pending before the Board (*see Matter of Pioneer-Evans Co. v Garvin,* 191 AD2d 1026, 1028; *Matter of Hoerner v Tormey,* 24 AD2d 597; *see also Matter of Gardner v Town of Canandaigua Code Enforcement Officer,* 261 AD2d 910; *Matter of Reiss v Keator,* 150 AD2d 939).

Madonia contends that he was a contract vendee, and therefore he had an equitable interest in the property which entitled him to apply for the variances (*see e.g. Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan,* 251 AD2d 333; *Matter of Armonas v Board of Zoning Appeals of Vil. of Lloyd Harbor,* 246 AD2d 646; *Matter of Colony Park v Malone,* 25 Misc 2d 1072). However, the evidence submitted in connection with the proceeding demonstrated that, at the time of Madonia's application to the Board, the property was owned by Cipro Petroleum/L.I., Inc., which was in bankruptcy, that Madonia's right to purchase the property was contingent upon a higher bidder's failure to close on a contract of sale, and that the bankruptcy court did not issue an order approving the sale of the property until November 1999, after the initial public hearing on Madonia's application for the variances. Madonia then assigned his interest in the contract of sale to 120 WSH Realty Corp. Moreover, Madonia did not submit evidence that he was acting as the prior owner's agent in applying for the variances. Accordingly, we find no basis on this record to set aside the Board's determination.

In light of the above determination, we need not reach the parties' remaining contentions. Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.