# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**868**

**CA 12-00435**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

TOWN OF AMHERST,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

ROCKINGHAM ESTATES, LLC,
DEFENDANT-RESPONDENT-APPELLANT,
ET AL., DEFENDANTS.

---

LAW OFFICE OF J. MATTHEW PLUNKETT, AMHERST (J. MATTHEW PLUNKETT OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (HUGH C. CARLIN OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered May 10, 2011. The order denied the motion of plaintiff for summary judgment and the cross motion of defendant Rockingham Estates, LLC for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of plaintiff in part and granting judgment in favor of plaintiff as follows:

It is ADJUDGED and DECLARED that the final plat as filed in the Erie County Clerk's Office is null and void

and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a judgment declaring that the final plat filed by Rockingham Estates, LLC (defendant) in the Erie County Clerk's Office is null and void. Plaintiff contends on its appeal that Supreme Court erred in denying its motion for summary judgment on the complaint, and defendant contends on its cross appeal that the court erred in denying its cross motion for summary judgment dismissing the complaint. We agree with plaintiff that the court erred in denying that part of its motion seeking a declaration that defendant's final plat is null and void, and we therefore modify the order accordingly. Plaintiff established, and defendant did not dispute, that the preliminary plat submitted by defendant and approved by the Town of Amherst Planning Board (Planning Board) included a public sanitary sewer easement. The final plat, however, described the sewer easement as private, rather than public. Town Law § 276 (4) (b) and (d) define a preliminary and final plat, as

do the pertinent provisions of the Town of Amherst Subdivision Regulations ([Regulations]; *see* Regulations former part II, §§ 1-16.5, 1-16.6). Those definitions support plaintiff's contention that a final plat should differ from the preliminary plat, if at all, only by any modifications that were required by the Planning Board at the time of approval of the preliminary plat. Indeed, " 'a planning board may not modify a preliminary plat and then disapprove of the layout of a final plat that conforms to the modifications prescribed by the board' and 'absent new information, a subsequent modification or rejection of a preliminarily approved subdivision layout is an arbitrary and capricious act subject to invalidation' " (*Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608, 612, quoting *Matter of Sun Beach Real Estate Dev. Corp. v Anderson*, 98 AD2d 367, 373, *affd* 62 NY2d 965). In addition, former part III, section 5-1 of the Regulations provides that "[t]he final plat shall conform to the layout shown on the approved preliminary plat plus any recommendations made by the Planning Board." That was not the case here because the material submitted with the preliminary plat depicted a public easement, but the final plat depicted a private easement despite the absence of any Planning Board requirement for such a modification. We therefore agree with plaintiff that the Planning Board may rescind its approval of the final plat, which was approved in error (*see Matter of Reiss v Keator*, 150 AD2d 939, 941-942; *see generally Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 281-282, *rearg denied* 71 NY2d 995, *cert denied* 488 US 801).

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court