In a proceeding pursuant to CPLR article 78 to review two determinations of the Board of Zoning Appeals of the Town of North Hempstead, both dated January 12, 2011, which, after a hearing, granted the applications of Scott Seeman, on behalf of Bayview Park Properties, LLC, for certain area variances, Bayview Park Properties, LLC, and Scott Seeman appeal, and David Mammina, Donal McCarthy, Paul Aloe, Anna Kaplan, and Leslie Francis separately appeal, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (DeStefano, J.), entered February 6, 2012, as granted the amended petition and annulled the determinations.
Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the determinations are confirmed, the amended petition is denied, and the proceeding is dismissed on the merits.
The subject premises are owned by Bayview Park Properties, LLC (hereinafter Bayview). The premises consist of two tax lots, approximately equal in size and each with 50-foot frontage along Bayview Avenue in Port Washington. One lot is vacant, while the other lot is improved with a single-family house. The premises are located entirely within the Town of North Hempstead’s Residence C District, which, for single-family homes, requires a minimum lot width of the average lot width of existing lots within 200 feet on each side of the lot within the same blockfront, or 40 feet, whichever is greater (see North Hempstead Town Code § 70-47.1 [A], [D]).
*923 Scott Seeman is a member of Bayview. On behalf of Bayview, Seeman submitted two building permit applications to the Town’s Department of Building, Safety Inspection, and Enforcement (hereinafter the building department), seeking to construct a new house on the vacant lot and maintain the existing house on the other lot with the removal of a side porch. The applications listed Bayview as the owner of the premises and Seeman as the applicant on behalf of Bayview, and were accompanied by owner’s affirmations, architectural plans, a survey, and a partitioning map, each of which referenced Bayview. The building department issued a notice of disapproval, stating that the average lot width within 200 feet of the premises was 68.69 feet.
Seeman then applied to the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the Board) for two area variances. After a public hearing, the Board issued two determinations granting the requested variances, concluding that the benefit to the applicant in granting the variances outweighed the detriment to the community.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review the Board’s determinations. The Supreme Court granted the amended petition and annulled the determinations, concluding, inter alia, that Seeman had submitted the variance applications in his individual capacity, and that, because Seeman was not personally aggrieved by the building department’s notice of disapproval, the Board lacked jurisdiction over Seeman’s variance applications.
The Supreme Court erred in determining that the applications to the Board were made in Seeman’s individual capacity, and, thus, that the Board did not have jurisdiction to grant the requested variances. A duly authorized agent of the owner may submit an application to the Board on behalf of the owner, and in such case, the Board has jurisdiction over the application (see Matter of Hickox v Griffin, 274 App Div 792 [1948], revd on other grounds 298 NY 365 [1949]; see generally Matter of Madonia v Board of Zoning Appeals of Inc. Vil. of Lindenhurst, 300 AD2d 588, 589 [2002]; Matter of Hoerner v Tormey, 24 AD2d 597 [1965]).
Here, Seeman submitted applications to the building department for building permits for the two lots on behalf of Bayview, which was listed as the owner of the lots. Each application was accompanied by an owner’s affirmation form which reflected that Bayview was the owner of the property, and that Seeman was Bayview’s agent. The applications were also accompanied by two sets of architectural plans stating “Bayview Park Prop *924 erties” in large letters on them, and a survey of the premises and a partitioning map certified only to Bayview.
All of these documents were before the Board, and the Board was clearly aware that the owner of the property was Bayview, and that Seeman was a member of Bayview acting on its behalf, as reiterated by counsel at the beginning of the hearing. Accordingly, the evidence before the Board established that, in applying for the variances, Seeman was acting as an agent for Bayview (see Town Law § 267-a [4]; Limited Liability Company Law § 412 [a]; Matter of Hickox v Griffin, 274 App Div at 792; cf. Matter of Madonia v Board of Zoning Appeals of Inc. Vil. of Lindenhurst, 300 AD2d at 589; Matter of Reiss v Keator, 150 AD2d 939, 941 [1989]; Matter of Hoerner v Tormey, 24 AD2d at 597).
As to the merits of the applications, “[l]ocal zoning boards are vested with broad discretion in considering applications for area variances, and ‘[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure’ ” (Matter of Roberts v Wright, 70 AD3d 1041, 1042 [2010], quoting Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]). A variance determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (see Matter of Gebbie v Mammina, 13 NY3d 728 [2009]; Matter of Sasso v Osgood, 86 NY2d 374, 384-386 [1995]).
Here, the Board properly balanced the requisite statutory factors, and its determination that the benefit to the applicant of the requested variances outweighed the detriment to the health, safety, and welfare of the neighborhood or community had a rational basis and was not arbitrary and capricious (see Town Law § 267-b [3] [b]; Matter of Sasso v Osgood, 86 NY2d at 385-386; Matter of Riklis v Board of Zoning Appeals of Town of Hempstead, 243 AD2d 482 [1997]). Among other things, the Board found that, despite a few wide lots in the vicinity of the premises, the majority of lots in the uninterrupted two-block segment of Bayview Avenue in which the subject premises were located had a width of 50 feet or less, and, thus, that the variances would not produce an undesirable change in the character of the neighborhood or a detriment to nearby properties. Accordingly, the Supreme Court should have denied the amended petition and dismissed the proceeding.
We note that the prior determinations of the Board relied upon by the petitioners were not considered in the determination of this appeal, as they are dehors the administrative record *925 (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of Montalbano v Silva, 204 AD2d 457 [1994]). Mastro, J.E, Skelos, Leventhal and Chambers, JJ., concur.